Beatrice M. Judge, J.
This is a motion to stay the transfer of J ames Lopez to Matteawan State Hospital and for a jury trial.
James Lopez was born on September 4, 1956 and is one of 12 children, motherless and the product of a broken home and admittedly mentally ill. He was confined to Wiltwyck School and committed to Creedmoor State Hospital on December 17, 1970. Later on September 28, 1971, he was transferred to Brooklyn State Hospital where his continued court retention for one year (pursuant to Mental Hygiene Law, § 73) was authorized by an order of this court dated October 14,1971.
On November 5, 1971 proceedings pursuant to section 85 of the Mental Hygiene Law were instituted in this court to commit him to Matteawan State Hospital as a dangerously mentally ill patient. Counsel was appointed for the patient on December *219 3, 1971 and trial held on January 6, 1972 when the court determined James Lopez was a dangerously mentally ill patient and by order dated January 12, 1972 committed him to Matteawan State Hospital. His counsel has sought to stay the transfer seeking a review by way of a jury trial and has filed a notice of appeal from the nonjury determination.
Section 85 of the Mental Hygiene Law is analogous, if not identical, to other provisions of the Mental Hygiene Law which authorize detention and treatment of persons found to be mentally ill (§§ 72-74); alcoholic (§ 307); mentally defective (§§ 124, 125); and drug addicts (§§ 206, 208). The statutes prescribe proceedings that follow a pattern of a nonjury court hearing resulting in a decision and final order. In each case except section 85 of the Mental Hygiene Law, the statute provides a respondent with the right to apply within 30 days after the granting of the final order to a Justice of the Supreme Court, other than the Justice making the certification for a review of such order. Upon such application the Justice is required to cause a jury to he summoned to try the issues in said proceedings.
Under section 85 of the Mental Hygiene Law, however, the initial hearing is heard by a Judge or Referee and if it be determined that such person is dangerously mentally ill, the Judge makes an order hospitalizing him in Matteawan State Hospital for a period not to exceed six months.
This section 85 of the Mental Hygiene Law fails to provide a right of review and jury trial as incorporated in the other sections, to wit, sections 72-74 affecting the mentally ill; section 307, concerning alcoholics; sections 124, 125, mental defectives; and sections 206, 208, narcotic drug addicts.
After the patient is transferred to Matteawan State Hospital (a high-security installation under the jurisdiction of the Department of Correction), the Director after the initial period of detention, determines that the patient requires further hospitalization; he may then apply to a court of record for continued detention pursuant to subdivision 3 of section 73 and section 74 of the Mental Hygiene Law. These sections authorize a nonjury hearing resulting in a final order and make provision for a rehearing and review with the right to a jury trial to determine the continued dangerous mental illness of the patient.
The Attorney-General and the petitioner, the Director of Brooklyn State Hospital, in this adversary proceeding would have us believe that section 85 of the Mental Hygiene Law does not give respondent a right to a jury trial or review in the initial proceeding. Their contention is that respondent must be sent *220 to Matteawan State Hospital and kept there for six months and be entitled to a jury trial and review only if the Director at Matteawan seeks continued retention of the respondent.
I cannot accept such argument. Respondent must be given the right to a legal review to include a right to trial by jury if he so desires. To hold otherwise would deny him the equal protection of the law as guaranteed by the Constitution. (Baxstrom v. Herold, 383 U. S. 107.)
When the Executive Department of the Empire State through its Department of Mental Hygiene, backed by unlimited funded Federal programs for addicted, alcoholic, mentally retarded and mentaly ill individuals institutes action against a 15-year-old unfortunate for incarceration in a high-security institution guarded by the Department of Correction and where the Legislature has omitted to provide for a jury trial review, it is time for the judiciary to protect such individual of his guaranteed constitutional rights. (Matter of Coates, 9 N Y 2d 242.)
The Legislature has created the Mental Health Information Service to study and review the admission and retention of all patients under the age of 21 years; provide assistance and service to mentally ill patients; and in any case before a court to provide all relevant information as to such patient. As Brooklyn State Hospital is a party to this proceeding, this would seem to be a case where Mental Health Information Service could provide the court with helpful, relevant, independent information after investigation particularly, since it has staff members in each of the hospitals where the infant was a patient.
The petitioner cites Matter of Narcotic Comm. v. Couloufacos (29 A D 2d 199) as holding that an alleged addict had alternative choices of appealing a nonjury certification or demanding a jury trial and having elected one, he waives the other. In the case at bar, section 85 of the Mental Hygiene Law fails to give respondent the right to a jury trial and his counsel to protect the rights of his client has properly filed a timely notice of appeal. He has also filed a demand for a review and demanded a jury trial. It is assumed he intends to pursue the latter and will discontinue his appeal from the nonjury order.
The motion for a stay of the transfer of the respondent to Matteawan State Hospital is granted pending the determination of a review by way of a jury trial.