Charles G.. Tierney, J.
Defendant is a person who has been indicted, but not yet tried, for a felony, who herein demands a trial by a jury of 12 on the issue of whether or not he is a dangerously incapacitated person within the meaning of article 730 of the CPL. The motion is made preliminary to any such determination and, in effect, seeks to divest this court, sitting without a jury, from determining the issue in the first instance.
The defendant argues that the case of Gomez v. Miller (341 F. Supp. 323), decided by a three-Judge court sitting in the United States District Court for the Southern District of New York on April 14, 1972, requires that he be granted a jury trial on this issue as a prerequisite to commitment to Matteawan or Dannemora State Hospital. '
íhe People contend that the issue presented is civil in nature and collateral to the criminal charge and that therefore there is no constitutional infirmity in the denial of a trial by jury. The People further contend that in any event the defendant is not entitled to a jury trial ab initio.
Subdivision 3 of section 85 of the Mental Hygiene Law provides that the Judge, after a hearing, if one is requested, shall determine the question of the dangerous mental illness of the person. This section thereby mandates a judicial determination of the question. This section does not mandate a jury trial on the question, but rather mandates an initial nonjury determination. The person determined by the court to be a dangerously mentally ill person is, however, entitled to a rehearing and jury review of the proceedings already had pursuant to section 74 of the Mental Hygiepe Law (emphasis supplied). CPL 730.50 pro *47 vides only for a hearing, not a jury trial on the issue. Persons charged with misdemeanors and found to be dangerously incapacitated persons do not directly obtain the right to a jury review ftxmi the CPL, but as a result of the mandatory dismissal of the nonfelony charge they assume the status of civil patients and are therefore entitled to the protection of section 74 of the Mental Hygiene Law. A person charged with a felony is not specifically entitled to a rehearing and jury review of the determination that he is a dangerously incapacitated person by the CPL. We concur with the sentiments expressed by the United States District Court in Gomez v. Miller (341 F. Supp. 323, supra) that there is no rational basis or compelling State interest which justifies the withholding from a person indicted but untried the same rights as are granted to all other persons, and we specifically read into CPL 730.50 the rights afforded to other persons under section 74 of the Mental Hygiene Law; that is, a right to a rehearing and jury review of the proceedings already had pursuant to CPL 730.50 just as if said proceedings had taken place pursuant to section 85 of the Mental Hygiene Law. In so doing we specifically adopt the rationale expressed by the New York State Court of Appeals in People v. Lally (19 N Y 2d 27), when that court was faced with an analogous situation.
We find that this result is in harmony with the spirit of Baxstrom v. Herold (383 U. S. 107) and that this result achieves the substantive relief sought by the petitioners in Gomez v. Miller (supra) without upsetting the New York statutory schemes.
Accordingly, defendant’s motion for a jury trial on the issue of the initial determination of whether he is a dangerously incapacitated person within the meaning of article 730 of the CPL is denied with a reservation of his right to proceed pursuant to section 74 of the Mental Hygiene Law from an adverse judicial determination.