John S. Lockman, J.
Upon receipt of a report pursuant to CPL 730.30 declaring the defendant dangerously incompetent, the defense moved for a jury to determine the issue of dangerousness at the hearing provided for in CPL 730.30 (subd. 2).
The defense relies upon Jackson v. Indiana (406 U. S. 715) and Gomez v. Miller (341 F. Supp. 323, affd. 412 F. 2d 914, 13 Crim. L. Bull. 4057).
Jackson held that it was unconstitutional to indefinitely commit an accused solely because of1 mental incapacity to stand *1061 trial. The court stated (p. 738): “ We hold, consequently, that a person charged by a State with a criminal offense who is committed solely on account of his incapacity to proceed to trial cannot be held more than the reasonable period of time necessary to determine whether there is a substantial probability that he will attain that capacity in the foreseeable future. If it is determined that this is not the case, then the State must either institute the customary civil commitment proceeding that would be required, to commit indefinitely any other citizen, or release the defendant. Furthermore, even if it is determined that the defendant probably soon will be able to stand trial, his continued commitment must be justified by progress toward that goal. In light of differing state facilities and procedures and a lack of evidence in this record, we do not think it appropriate for us to attempt to prescribe arbitrary time limits. ’’ (Emphasis added.)
In Gomes the Southern District of New York found unconstitutional as a denial of equal protection of the laws the denial to certain accused, but untried criminal defendants of jury trials to determine whether they were dangerously incapacitated. The court stated (p. 333)“ § 730.60 (1) of the Criminal Procedure Law of the State of New York [is] unconstitutional because [it] violate[s] the right to equal protection of plaintiff class’ right to equal protection by failing to provide its members with a jury trial to determine dangerousness as a condition to confinement in hospitals operated by the Department of Correction. We enjoin the defendants, their employees, agents, successors, and all persons in active concert and participation with them from enforcing these provisions without according to the plaintiff class a jury trial as .to determination of dangerousness under conditions equivalent to those accorded by the laws of New York to other mentally ill persons.” (Emphasis added.)
The court, in reaching this conclusion, emphasizes the distinction between facilities run by the Department of Mental Hygiene and the Department of Correction, and takes great pains to point out that the accused but untried felon is the only class of persons denied a jury trial on the question of “ dangerousness ”.
A comparison of Jackson (supra) and Gomez, (supra) leads to these conclusions:
1. There is a distinction drawn between facilities for mental patients run by the Department of Mental Hygiene and the Department of Correction. This distinction is significant.
2. There is no rational basis for treating an accused criminal incompetent differently from an ordinary civil incompetent as to a determination of “ dangerous incompetency ”.
*1062 3. An incompetent may be held for a “ reasonable period of time necessary to determine whether there is a substantial probability he will attain that capacity [to stand trial] in the foreseeable future. ’ ’ (Jackson, supra, p. 738.)
4. GPL 730.60 (subd. 1) is unconstitutional because there is no provision for a jury trial as to dangerousness for accused but untried felons, as there* is with others, “as a condition to confinement in hospitals operated by the Department of Correction.” (Games, supra, p. 333.)
Based on the foregoing, the portion of GPL 730.60 (subd. 1) deemed objectionable is that portion which provides, “ that when •a defendant has been adjudicated a dangerous incapacitated person by a superior court, the commissioner may designate an appropriate institution operated by the department of correction in which the defendant is to be placed.” (Emphasis added.)
The decisions noted above do not seem to affect GPL 730.30. A Judge may still find under GPL 730.30, pursuant to a hearing without a jury, that a person is either incapacitated or dangerously incapacitated. Pursuant to GPL. 730.60, the defendant must then be put in the custody of the Commissioner of Mental Hygiene pursuant to a final or temporary order of observation. The Commissioner must then designate a hospital under the aegis of the Department of Mental Hygiene. (To do otherwise would be unconstitutional.) Then, pursuant to GPL 730.60 (■subd. 3), the Commissioner may transfer the defendant to an institution under the Department of Correction in accordance with section 29.13, formerly sections 85 and 135 of the Mental Hygiene iaw, which order is subject to review pursuant to section 31.35 of the Mental Hygiene Law, formerly section 74. Section 29.13 appears to be the equivalent of GPL 730.30. It does not provide for a jury trial. It provides for an order of commitment after a hearing without a jury. (Mental Hygiene Law, § 29.13, subd. [d].) Any such order is then reviewable under section 31.35 of the Mental Hygiene Law (Mental Hygiene Law, § 29.13, subd. [f]). It appears therefore that if the Judge initially makes a finding under GPL 730.30 of ‘ ‘ dangerous incapacity ’ ’, this fulfills the same function as the order under section 29.13 of the Mental Hygiene Law which subdivision 3 of GPL 730.60 requires. Otherwise there would be a duplication of effort. Section 31.35 of the Mental Hygiene Law provides for a jury review in the Supreme Court before a Justice or Judge other them the one who issued the original order. This then meets the mandate that the determination of dangerous incapacity be made by a jury, as is done in the case of an involuntary *1063 civil commitment. (See People v. Metesky, 71 Misc 2d 519; People v. Anonymous, 71 Misc 2d 8; People v. Sera, 71 Misc 2d 46; Matter of Kesselbrenner v. Anonymous, 39 A D 2d 410; People v. Anonymous, N. Y. L. J., Aug. 22, 1972, p. 2, col. 5.) (See People v. Lally, 19 N Y 2d 27; and, compare, Matter of Lopez, 69 Misc 2d 218.)
This procedure finds some support in the language of our Court of Appeals in Hagen v. Miller (29 N Y 2d 348, 349): “ Since due process is not a concept to he rigidly applied, it is not offended if notice and a hearing follow confinement of a mental patient in an urgent case, as long as he is given the opportunity, within a short lime, to litigate the question of his mental illness.” (Emphasis added.)
Thus, a Judge of this court may make a finding of “ dangerous incapacity ” without conducting a jury trial because there can be no commitment to a Department of Correction facility without a review before a jury in accordance with section 31.35 of the Mental Hygiene Law. Accordingly, the motion for a jury to determine the issues at a hearing under CPL article 730 is denied.