**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v. **THOMAS DECKER**, Appellant. **THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v. **RICHARD MADRID**, Appellant.— Appeals, by permission of this court, from

two orders (one in each of the above cases), entered in the Supreme Court, Queens County, on July 5, 1972, granting, after hearings, applications by the Director of Matteawan State Hospital for retention of defendants in the custody of the Commissioner of Mental Hygiene as dangerously incompetent persons pursuant to article 730 of the CPL. Orders affirmed. Defendants' applications for a jury trial at the first stage of their retention hearings were properly denied. We read into subdivision 2 of CPL 730.50 the procedural provisions of sections 73 and 74 of the Mental Hygiene Law which give to the defendant the right to a jury trial in the second, but not the first, stage of the two-stage retention proceedings (*People* v. *Sera*, 71 Misc 2d 46). In both stages of such proceedings for the retention of an alleged "dangerous incapacitated person" the inquiry must resolve both the question of competency to stand trial and dangerousness (see *Gomez* v. *Miller*, 341 F. Supp. 323). The second stage does not arise unless and until an order of retention has been made and the defendant, being dissatisfied, within 30 days thereafter, petitions the court for a rehearing and review of the proceedings already had. There was no petition for rehearing in either of the cases now under consideration. Munder, Acting P. J., Martuscello, Latham and Brennan, JJ., concur; Benjamin, J., dissents and votes to reverse the orders with the following memorandum: Both of the defendants have been indicted for felonies and each has been committed to Matteawan on a certification of incompetency to stand trial. Madrid was sent to Matteawan in 1969 and Decker has been similarly confined since 1971. My colleagues and I concur with the philosophy expressed in *Gomez* v. *Miller* (341 F. Supp. 323, affd. *sub nom. Miller* v. *Gomez*, 412 U. S. 914). We are also in full agreement that defendants are entitled, as provided for in the Mental Hygiene Law, to jury review of the Criminal Term's determinations that they are both dangerous and incapacitated (see Mental Hygiene Law, § 2913, subd. [f] ; § 31.35; *Gomez* v. *Miller, supra*; *People* v. *Sera*, 71 Misc 2d 46). Our point of departure is the mechanics by which defendants can execute their right to a jury trial on the issues. Section 31.35 of the Mental Hygiene Law recites in pertinent part that if a defendant is dissatisfied with the order of retention, he or someone in his behalf may "within thirty days after the making of any such order, obtain a rehearing and a review of the proceedings". The majority of the court is of the opinion that defendants failed to comply with the above-cited statute because they petitioned for a jury trial at the outset of the hearing rather than within 30 days after the making of the retention orders. Therefore, the majority concludes, defendants are not presently entitled to a jury trial but must remain confined at Matteawan. To so hold means that defendants will continue to be held in the custody of the Department of Correctional Services without a jury determination of the issues of dangerousness and incapacity until their cases are reviewed by a Justice of the Criminal Term, a subsequent retention order is issued and within 30 days thereafter they file petitions for jury review. Since subsequent retention orders are for two-year periods (CPL 730.50, subd. 3), it follows that a defendant who merely stands charged and not convicted of a crime can be confined for longer than two years before he can have a jury review of an order of retention. The sentiment of *Gomez* is that there is no rational basis for withholding from an indicted but untried person the same rights as are granted to all other persons. This does not mean that we must look rigidly to the language of the procedures set forth in the Mental Hygiene Law and disregard relevant circumstances — here, the defendants' clear desire to have the jury decide the issues and the absence of any statutory guidelines for same in the Criminal Procedure Law.

To exalt form over substance, and deprive defendants, for a period in excess of two years, of their right to a jury trial, which is the effect of the majority holding, is surely an abortion of *Gomez* rather than its implementation. For the foregoing reasons, I would reverse the orders and remand the cases to the Criminal Term for a jury trial of the issues of dangerousness and incapacity.