John S. Lockman, J.
The defendant, by his attorney, requests that this court conduct a jury review of our order dated August 13, 1973 which found him to be a dangerously incapacitated person and committed him to the care and custody of the Commissioner of Mental Hygiene.
Our order specifically informed the Commissioner of Mental Hygiene that the defendant could not be transferred to a facility under the jurisdiction of the Department of Correctional Services unless and until the procedures required by sections 29.13 and 31.35 of the Mental Hygiene Law are followed. In the decision which accompanied our order we said: ‘1 The Commissioner must then designate a hospital under the aegis of the Department of Mental Hygiene. (To do otherwise would be unconstitutional.) Then * * * the Commissioner may transfer the defendant to an institution under the Department of Correction in accordance with section 29.13 * * * of the Mental Hygiene Law ” (People v. McCabe, 74 Misc 2d 1060, 1062). Our finding that the defendant was not only incapacitated but was dangerously so was intended merely to alert the Commissioner and not to serve as a basis for his bypassing the procedures required by the Mental Hygiene Law. Nevertheless, it appears that the Commissioner has committed this defendant to an institution under the Department of Correctional Services without complying with section 29.13 of the Mental Hygiene Law.
The defendant, who clearly has been aggrieved by what has occurred, argues that it is for this court to correct the situation by conducting a jury review of its finding of dangerous incompetence. (Mental Hygiene Law, § 31.35.) Such is not the proper remedy. Subdivision (a) of section 15.15 of the Mental Hygiene Law provides that: “ (a) A person retained by a facility, the department, or the narcotic addiction control commission or a relative or friend on his behalf is entitled to a writ of habeas corpus to question the cause and legality of detention upon proper application.” A person committed to the Department of Mental Hygiene can be detained in Matteawan State Hospital, a facility under the Department of Correctional Services, only at the direction of the Commissioner of Mental Hygiene. (Correction Law, § 400.) Consequently, the defendant is being retained there by the Department of Mental Hygiene and is entitled to a writ of habeas corpus under section 15.15 of the Mental Hygiene Law. Inasmuch as the defendant is not being *962 detained in Nassau County, we cannot entertain a petition for a writ of habeas corpus made by him. (CPLR 7002, subd. [b].)
The defendant argues at length that it would be more convenient for all concerned if this matter were heard in Nassau County. This argument is contrary to statutory law (CPLR 7004, subd. [c]; People ex rel. Lops v. Commissioner of Mental Hygiene, 43 A D 2d 912 and thus cannot prevail. Moreover, Were the Commissioner of Mental Hygiene to follow the procedure required by section 29.13 of the Mental Hygiene Law the county in which the defendant is detained would clearly be the most convenient forum.
The motion is denied for improper venue.