Michael W. Duskas, J.
Petitioner was acquitted of the offense of attempted murder, upon the ground of mental disease or defect, in a proceeding held before the .County Court of Clinton County, and was committed to the custody of the Commissioner of Mental Hygiene by.order of said court made April 25, 1973, pursuant to the provisions of the Criminal Procedure Law. The State Commissioner of Mental Hygiene applied to that court by instrument dated September 21, 1973, for a discharge or a release, upon condition, of said petitioner, from the St. Lawrence State Hospital, situated in the ¡City of Cgdensburg, St. Lawrence County, New York, to which institution the petitioner had been placed by the said Commissioner. The Clinton County Court appointed two independent psychiatrists to examine and report to said court their opinions regarding the mental condition of petitioner, and such reports were filed on January 8,1974, and February 7, 1974, respectively. The said court thereupon ordered a hearing to toe conducted pursuant to CPL 330.20 for the purpose of determining whether petitioner should be detained within said hospital /as a patient or discharged and released with or without conditions therefrom. A hearing was conducted March 1, 1974, before the Clinton ¡County Court without jury. The said court determined subsequent to such hearing that peti *981 tioner could not be safely discharged or released upon condition without danger to himself or others, and directed that his commitment to the State ¡Commissioner of Mental Hygiene be continued. An order to this effect was filed in the Clinton County Clerk’s office on April 11, 1974, and contained a provision that such recommittal to the custody of said Commissioner was “ subject to further order of this Court ”.
Petitioner made application to the St. Lawrence County Court for a writ of habeas corpus and alleged therein that petitioner was not “ suffering from any mental disease or defect ”, and was not :a danger to himself or to the community, thereupon seeking his release from the St. Lawrence State Hospital. It appears from such application that the director of said hospital, and also, a special release committee from the staff thereof, consider the petitioner suitable for release from such institution.
Petitioner does not contest the order of the Clinton County Court filed April 11, 1974, as aforesaid, but alleges in effect a change in circumstances subsequent to the hearing conducted before such court on March 1, 1974, i.e. that he is no longer in need of hospitalization in said State institution.
The County Court of St. Lawrence County, Hon Michael W. Duskas, presiding, granted the application by petitioner and issued the writ of habeas corpus under date of April 8, 1974, directing that the director of said State hospital appear on April 11,1974, for a hearing to determine the appropriateness of the petition. The Attorney-General of this State represented the People, appearing through Edward Purcell, Esq., Assistant Attorney-General, and David (Martin, Esq., Canton, New York, appeared for petitioner. Hon. John H. Livingston, Surrogate Judge of St. Lawrence. County, acting as County Judge, conducted the proceedings in the ¡absence from the county of Judge Duskas. Upon such hearing it appeared that the order of the Clinton County Court rendered upon the decision of that court recommitting the .petitioner had not been received by the institution or entered thereupon; and indeed, the Assistant Attorney-General argued that the petitioner had moved for a jury review or trial subsequent to the Clinton (County Court hearing upon which motion that court reserved decision. Petitioner conceded this argument, but asserted that the application for habeas corpus was (made upon ¡the basis that he should no longer be confined due to his present state of mental competency. Upon stipulation of respective counsel, the Acting County Judge adjourned proceedings for 10 days for a, review thereof by the County Judge, and directed the Assistant Attorney-General to *982 secure a copy of the committal order from the Clinton County Judge and file the same with this court. The order was received by this court on April 16, 1974, and the County Judge extended proceedings for the purpose of reviewing the papers and proceedings held herein.
Upon the foregoing facts found to be pertinent to the issues before this court, a determination is made as follows:
First, the St. (Lawrence County Court has jurisdiction to entertain the application for the writ of habeas corpus[1], and
Secondly, is empowered to determine the appropriateness of the relief requested[2].
Petitioner relies upon subdivision (a) of section 15.15 of the Mental Hygiene Law in support of his contention that habeas corpus is an appropriate vehicle through which he seeks the relief of release from the State institution. A reading of such statutory provision discloses that habeas corpus is available to determine “ the cause and legality of detention”. It is apparent from the proceedings held hereinbefore that the ‘ ‘ cause ’ ’ of petitioner’s detention was his acquittal upon the charge of attempted murder by reason of his mental diséase or defect and the subsequent proceedings through which the petitioner was committed to the care of the Commissioner of Mental Hygiene pursuant to the provisions of GPL 330.20, and hence, the “ legality ” thereof is uncontested; however, a plethora of decisions from courts of this State also recognizes habeas corpus as an avenue for immediate relief which also perhaps may be utilized where the facts disclose some compelling necessity or practicality.[3] Since petitioner contends that he should be released immediately because the ‘ ‘ cause ’ ’ for his commitment has terminated, i.e., he no longer .suffers from mental incapacity, it is mandatory for this court to determine the availability and appropriateness (ergo “necessity”) of other proceedings for the relief requested, and moreover, the practicality of instituting each of such proceedings under the present circumstances. The “ other proceedings ” hereinabove referred to as .being available to this' petitioner are appellate review and civil jury trial. This court now proceeds to determine the “ appropriateness ” of these respective forms of relief in order to ultimately reach a determination if habeas corpus is necessary and practical in the instant case.
*983 It is well settled that petitioner could have appealed the judgment of the -Clinton County Court recommitting him to the Commissioner of Mental Hygiene[4]. The petitioner in the case at hand has not raised issue with these former proceedings, however, hut alleges a change in circumstances from the date of such proceedings. It may -be seen, therefore, that appellate review is obviously an inappropriate form of relief in the case at hand.
The more difficult issue before this court is whether the petitioner is entitled to a trial by a jury, and if found to be so entitled, whether such form of relief is more appropriate than habeas corpus.
It is unclear from a reading of the applicable statutes if the petitioner has available the right to demand a jury trial to determine his. competency and suitability for release. There is authority for according to a defendant acquitted of a criminal offense by reason of mental disease or defect a jury trial with respect to the issue of his retention, or release subsequent to his detention, pursuant to the proceedings under the Criminal Procedure Law, and particularly, where such defendant is found to be a “ dangerously ill ’ ’ mental incompetent[5]. It is not clear however, whether a defendant who has elected to proceed in a nonjury hearing may subsequent to such hearing demand a jury trial before the same committing court. CPL 330.20 (subd. 3) provides for a nonjury hearing to be conducted by the trial court and states that ‘ ‘ such hearing shall be deemed a civil proceeding ”. It further appears from such provisions (subd. 5) that the committed person may reapply for his discharge for release “ to the court by which he was committed ”, and that such court will follow the same procedures heretofore described, after first determining that there is merit in the application[6]. The defendant may, of course, appeal the decision rendered after such a hearing, and further, may appeal the decision of the committing court denying the application for a subsequent hearing on the ground that the application was without merit. In either case, the defendant must first apply to the original court of commitment for relief, and there is no provision for a jury trial in the statutory provisions of the 'Criminal Procedure Law on this issue. It becomes apparent in this court’s view that such provisions of the Criminal Procedure Law do not afford every defendant with sufficient redress, and that such *984 statutory proceedings are not suitable for each and every case coming within the purview thereof. CPL 330.20 contains no provision setting forth the duration of the order of retention; and provides no. procedures for a required review from time to time of the retention. Thus, it is obvious that upon an application for a rehearing or a subsequent hearing, a court must consider many factors before determining whether there is merit in the application, including the duration of time which may have elapsed since a prior hearing, the existence of different or more recent psychiatric evaluations or other evidence, a change in the availability and effectiveness of noninstitutional care or treatment, and numerous other factors. There can be no uniformity, therefore, among the courts regarding such applications and it ■may be argued 'that persons retained under such provisions have not been granted an equal protection under the law, particularly in light of the fact that involuntary civil patients in State mental institutions are retained subject to periodic court review. Finally, there is of course the ever present argument that the same court (and particularly the Judge) should not continually hear and determine, or review, the same proceedings, albeit an allegation of changing circumstances.
-Section 31.35 of the 'Mental Hygiene Law grants to civil patients retained in -State hospitals the right to petition a Justice of the Supreme ¡Court for a jury trial. The Criminal Procedure Law does not incorporate such relief within that chapter, and it may be deemed necessary “ to read into ” such .Criminal Procedure Law provisions those provisions for jury trials found in sections 29.13 and 31.35 of the Mental Hygiene Law. The Court of Appeals in the Lally case[7] found it necessary to ‘1 read into ” subdivision (5) of section 454 of the former Code of Criminal Procedure (providing for committing a person to a State hospital when acquitted of a crime by reason of insanity) the right to a jury trial prior to his being committed as a dangerously ill mentally incompetent to the Matteawan State- Hospital for the criminally insane, thereby incorporating into the criminal law the protections provided by sections 74 and 85 of the Mental Hygiene Law.[8] This decision did not, however, mandate a jury trial for a defendant who was committed to the Commissioner of Mental Hygiene and who was thereby detained in a facility for civil patients.
*985 Another court of this State determined that the “ entire scheme ” of the revised iCPL article 730, read together with the provisions of sections 74 and 85 of the Mental Hygiene Law, intended that a trial ¡by jury should be made available to a person held under a felony indictment and mentally incapable of standing trial. The court read into CPL 730.60 (subd. 3), following the words ‘ ‘ transfer him to ”, the words, “ or retain him at”.[9]
The Meteshy court recognized the defendant’s constitutional right to equal protection of the laws and found that a defendant held under a felony indictment was entitled to a jury trial on the issue of his commitment to Matteawan State Hospital as a dangerously mentally ill person.
It appears to this court that the same constitutional right is vested in a person acquitted by reason of such illness. A civil patient in a State mental institution has recourse to trial by jury on the issue of his dangerousness and commitment therefor[10] ; and a civil patient not deemed to be dangerous, but alleged to require retention, is similarly entitled to a trial by jury on the issue of his retention.* [11] iCPL 330.20 (subd. 3) deems that the hearing conducted upon the issue of retention of a person acquitted by reason of mental disease or defect “ shall.be deemed a civil proceeding ’ ’. It is inconceivable that the only recourse for an acquitted defendant retained as a civil patient is to continually apply for a nonjury hearing to the very same court which conducted the trial proceedings, the hearing for retention, and subsequent rehearings on applications by a defendant for discharge or release upon conditions; and that he must thereafter first seek appellate review. The Criminal Procedure Law does not provide for a jury trial within the provisions of article 330. It is the determination of this court that the petitioner is entitled to a civil jury trial under the provisions of CPL 330.20; and since the committed, person is designated to be under the control and confinement of the ¡Commissioner of Mental Hygiene, it is appropriate that the trial by jury be accorded through the provisions of section 31.35 of the Mental Hygiene Law. There is some authority recognizing an acquitted defendant’s right *986 to demand a jury trial in place of the hearing provided by GPL 330.20, i.e., that such jury trial be conducted before the same court which tried the charges laid in the indictment,[12] and it may be argued therefore, that it is unnecessary for this court to incorporate the provisions of section 31.35 .of the Mental Hygiene Law into CPL 330.20. It may further be argued that the superior court having original jurisdiction over the criminal proceedings should retain jurisdiction of the defendant. This court' finds, however, that it is better practice to incorporate into the Criminal Procedure Law existing statutory provisions of the Mental Hygiene Law aforesaid. Providing for a jury trial in the superior ■ criminal court which tried the indictment under the extant provisions of CPL 330.20 leaves certain questions unresolved with respect to the procedures to be instituted by such court, and among which are the following: first, must the nonjury hearing be conducted prior to according the defendant a trial by jury on the issue of his retention; second, must the trial court empanel a jury other than that from which the trial jury was drawn for the trial of the indictment; and third, what Judge should preside over the" competency trial. These are issues that should be determined by the Legislature in effecting amendments to CPL 330.20.
Upon all of the foregoing this court has before it the ultimate issue with respect to the present case, i.e., whether this court ■should entertain the habeas corpus writ or deny the same and cause the petitioner to seek a jury trial under the provisions of section 31.35 of the Mental Hygiene Law.
It is not required that a committed person exhaust all legal proceedings or remedies available to him before seeking relief through habeas corpus. It would appear that the better rule allows the court in which the petition for a writ of habeas corpus is laid to determine whether relief through habeas corpus should be granted in that particular case under the circumstances which then appear to be material to that application.[13] The St. Lawrence County Court is not desirous of becoming a court of review for persons committed to the St. Lawrence State Hospital under orders from courts of other jurisdictions; and therefore, any application for a writ of habeas corpus will be reviewed on a case-by-case basis for the purpose of determining the necessity and practicality for such form of relief. This court does not consider habeas corpus as the exclusive remedy available to persons or patients confined in that insti *987 tution ¡by reason of proceedings like or similar to those in the case at hand; however, the St. Lawrence County Court cannot justify the exclusion of habeas corpus to such patients solely due to its reluctance to review proceedings held before courts of equal jurisdiction from without the County of St. Lawrence, nor should this court consider it repugnant to conduct hearings for the purpose of determining if continued retention under present circumstances is required.
It is the determination of this court that the petitioner, Adrian Anthony Lashway, should be accorded by virtue of the writ of habeas corpus a hearing on the issue of his mental incapacity and dangerousness. Although a hearing on these issues was conducted before the Clinton County Court only this past March 1, 1974, it appears that the examining psychiatrists appointed by that court made their respective evaluations of the petitioner at some considerable time prior to the hearing aforesaid. In addition, the physicians at the St. Lawrence State Hospital, and the Commissioner of Mental Hygiene have asserted that the petitioner need not be retained. The petitioner and his counsel were uncertain as to his right to a trial by jury under the present law and for this reason did not make application for such relief at a prior date.
Petitioner is directed to submit an order providing for a hearing to be conducted on the issues of incapacity and dangerousness of said petitioner, on a day and date to be set by this court and providing for notice thereof to be given to the Attorney-General of the State of New York, the District Attorney of the County of Clinton, the Commissioner of Mental Hygiene of the State of New York, and the respondent herein.

. Mental Hygiene Law, § 15.15, subd. (a); and CPLR 7002, subd. (c), par. 4.

. CPLR 7004, subd. (c).

. People ex rel. Keitt v. McMann, 18 N Y 2d 257. See, also, Matter of Roberts v. County Ct. of Wyoming County, 39 A D 2d 246.

. People V. Lally, 19 N Y 2d 27.

. People v. Lally, supra.

. CPL 330.20, subd. 5.

. People v. Lally, supra.

. Former Mental Hygiene Law, § 74 is now § 31.35; former Mental Hygiene Law, § 85 is now § 29.13,

. People v. Metesky, 71 Misc 2d 519; it should be noted that the CPL 730.60 [subd. (3)] provisions in effect at the time of Meteshy decision were subsequently amended (4/25/73) to delete reference to sections 85 or 185 of the Mental Hygiene Law and substitute therefor “29.13 of the Mental Hygiene Law”.

. Mental Hygiene Law, § 29.13, subd. (f).

. Mental Hygiene Law, § 31.35.

. Matter of Miller (Sherman), 73 Misc 2d 690.

. Matter of Roberts, supra.