OPINION OF THE COURT
Lewis R. Friedman, J.
This application pursuant to Mental Hygiene Law § 9.35 *1012 seeks a jury review of an order retaining a mental patient; it presents a question which has not been addressed in the reported cases: what is the proper venue of the proceeding?
Petitioner was found not responsible by reason of mental disease or defect in Supreme Court, Queens County. That court ordered petitioner committed to the custody of the Commissioner of Mental Health (Commissioner) in a secure facility for six months (CPL 330.20 [6]). Thereafter, retention orders were issued by the Orange County Court, for one year, and then for two years; and Supreme Court, New York County, for two years. (CPL 330.20 [8], [9].) Supreme Court, New York County, also granted the Commissioner’s application to transfer petitioner to a nonsecure facility. Petitioner is currently confined in Bronx Psychiatric Center. The last retention order issued in New York County expired on August 25, 1988.
On June 8, 1988 the Commissioner served notice, as required by CPL 330.20 (9), that an application would be made to Supreme Court, Bronx County, on June 24th for a two-year subsequent retention order. The matter appeared on this court’s Hearing Calendar on July 13, 1988 and was adjourned. Finally, on November 1, 1989 Justice Katz held a hearing and signed a two-year subsequent retention order. On November 15, Mr. Tucker, represented by the Mental Hygiene Legal Service, sought review before a jury pursuant to Mental Hygiene Law § 9.35. The District Attorney of Queens County, who appeared as of right (CPL 330.20 [1] [p]; [9]), sought a transfer of the hearing to Supreme Court, Queens County.* The court allowed all parties to submit papers on the question of the proper venue for the jury hearing.
After protracted study, the Legislature adopted the Insanity Defense Reform Act of 1980 (L 1980, ch 548). That Act rewrote CPL 330.20 in an effort to conform to constitutional standards and to provide a detailed regime for the treatment of those found not responsible of a crime by reason of mental disease *1013 or defect. (See, Matter of Torsney, 47 NY2d 667.) Prior to the 1980 revision some cases had found a right to jury hearing to review retention decisions (see, e.g., People v Decker, 42 AD2d 857; Matter of Lashway v Hanes, 78 Misc 2d 979; People v McCabe, 74 Misc 2d 1060). The new statute, at CPL 330.20 (16), specifically incorporates the "review and rehearing” procedures of Mental Hygiene Law § 9.35; that section makes it clear that jury review is a matter of right (see, Matter of Rose, 109 Misc 2d 960, 963-965). The application here is timely; a jury hearing is required.
The District Attorney argues that a change of venue is appropriate since Queens County, the county of the verdict, is as convenient as the Bronx County courthouse. The court concludes that no change in venue is possible.
An examination of the statutory structure shows that an application under CPL 330.20 (9) may be made either to the court in which the last prior retention order was made or to a superior court in the county where the facility is located; the court where the verdict or plea is entered has only a limited role. That court issues an examination order and conducts the initial hearing for a commitment order (CPL 330.20 [2], [6], [7]). Thereafter, "[W]hen a defendant is in the custody of the commissioner pursuant to a commitment order, the commissioner must * * * apply to the court that issued the order, or a superior court in the county where the secure facility is located, for a first retention order” (CPL 330.20 [8]).
Clearly, "the court which issued the order” refers to the court which issued the commitment order, typically the court where the plea or verdict was entered. Nearly identical language appears in CPL 330.20 (9) which deals with second and subsequent retention orders. That is: "[wjhen a defendant is in the custody of the commissioner pursuant to a first retention order, the commissioner must * * * apply to the court that issued the order, or to a superior court in the county where the facility is located”. The phrase "the order” obviously refers to "the first retention order”. Although different language is used to describe the court which issued the last order in other sections, the court can find no legislative intent that the words have a different meaning. For example, applications for transfer orders may be made "to the court that issued the order under which the defendant is then in custody” (CPL 330.20 [11]). That phrase has the same meaning as the construction in CPL 330.20 (9).
*1014 Applications for subsequent orders are made either to the court which issued the last prior order or to a court where the patient is located. That result is consistent with the concept that, with the passage of time, earlier courts have a lesser connection with the patient. Here, therefore, application could only be made in Supreme Court, New York County, where the last retention order was made, or Bronx County, where the patient is located. Queens County, where the verdict was rendered seven years ago, was, simply, not an available choice of venue.
The Commissioner who seeks a retention order is the only party given a choice of venue. The court finds nothing in CPL 330.20 which authorizes a change of venue after the Commissioner chooses the court to which the application is submitted. No other provision of the CPL authorizes a change of venue (cf., CPL 230.20).
Mental Hygiene Law § 9.35 does not provide for the venue of a "review and rehearing”. The District Attorney suggested that an application by a patient could be filed in Supreme Court anywhere in the State. There is no support for that position. The venue of a Mental Hygiene Law commitment or release proceeding of a person committed in a civil proceeding must be where the facility is located (cf., CPLR 503 [a]; 506 [a], [b]; cf., Sattler v New York Commit, on Human Rights, 144 Misc 2d 73, 75). The purpose of section 9.35 is to review a Judge or Justice’s decision. Clearly, that application is to be made to a Supreme Court Justice in the judicial district where the prior decision was made. Further, section 9.35 provides a patient with the vital right to have an impartial jury review of retention decisions. It is fundamental to the liberty interest of the patient that the jury be drawn from the appropriate locality.
The District Attorney’s application appears to invoke CPLR 510. However, this court finds that the CPLR and its venue provisions are not applicable to proceedings under CPL 330.20. Absent specific legislative direction, proceedings under the CPL are governed solely by that statute (CPL 1.10 [1]). CPL 330.20 is an all-encompassing, self-contained regime which creates its own procedures for notice, venue, hearings and appeals; it does not specifically incorporate the CPLR. (Compare, CPL 60.10, 610.10 [3]; 610.40.) Civil rules of procedure apply only to appeals; even then, different rules apply to stays. (CPL 330.20 [21] [c], [d].) Patients committed under CPL 330.20 are given "the rights granted to patients under the mental *1015 hygiene law”; yet, those rights are specifically made "[s]ubject to the limitations and provisions of this section” (CPL 330.20 [17]). The limited reference to "rights” is a far cry from a wholesale incorporation of the CPLR into commitment proceedings.
In short, there is no statutory basis for a change of venue in a CPL 330.20 retention proceeding or a Mental Hygiene Law § 9.35 review of a retention order. The court has signed the order directing a jury trial in Bronx County.

 The District Attorney claims that the retention application had originally been transferred to this court from Queens County. The District Attorney submitted a copy of a July 19, 1988 order by a Justice in Queens County which granted, without opposition, the Attorney-General’s motion to transfer a proceeding with this caption to Bronx County. Counsel did not submit a copy of an application by the Commissioner showing that it was ever filed in Queens County. In any event, no papers were ever transferred from Queens to this court. The papers are clear that Justice Katz granted the application originally made in Bronx County.