OPINION OF THE COURT
Robert G. Main, Jr., J.
*982 In this application for a subsequent retention order pursuant to CPL 330.20 (9), defendant, a criminal acquitee, moves to transfer venue from Franklin County to Dutchess County. The applicant, through the Attorney-General, opposes the relief requested and seeks dismissal of the motion.
The facts, as relevant to the issue of venue and as gleaned from the limited record before this court, may be stated as follows. In 1983 defendant was found not responsible by reason of mental disease or defect of certain criminal charges and was committed to a secure facility by order of Albany County Supreme Court pursuant to CPL 330.20 (6). In 1984, upon a finding that he did not have a dangerous mental disorder, defendant was transferred to a nonsecure facility pursuant to CPL 330.20 (8) and (11). The order of conditions which was issued at the time of the transfer order expired in 1989 at the conclusion of the first five-year term, and no application was made to extend the order of conditions.
Defendant, who has been continually retained pursuant to the second and subsequent retention orders, eventually was transferred to Wassaic Developmental Center, a nonsecure facility in Dutchess County. In the summer of 1996 the applicant apparently made timely application for a subsequent retention order to continue confinement beyond the most recently preceding order which was effective through August 22, 1996.
On August 20, 1996, Dutchess County Supreme Court issued a subsequent retention order, without a hearing, and made the finding that defendant, at that time, suffered from a dangerous mental disorder. Upon defendant’s application, Dutchess County Supreme Court vacated its own order because the initial application had not been supported by the affidavit required by CPL 330.20 (20). The vacatur, dated December 19, 1996, directed that defendant be released unless the Commissioner served and filed a jurisdictionally sufficient retention application within 10 days of service of a copy of the order with notice of entry.
In the interim, and apparently upon the authority of the subsequently vacated subsequent retention order finding that defendant, at that time, suffered from a dangerous mental disorder, defendant was transferred, by the Commissioner of Mental Retardation and Developmental Disabilities, to Sun-mount Developmental Disabilities Services Office, a secure facility in Franklin County. The Commissioner thereafter filed a *983 retention application in this court, as directed in the order of December 19, 1996.*
In support of his motion for a change of venue, defendant cites CPL 330.20 (9) in support of his contention that Franklin County is not an appropriate venue to hear and determine the retention application. Defendant contends that he is not presently confined in the custody of the Commissioner in a facility within Franklin County pursuant to a retention order. He further contends that, since there exists no legal justification for his presence within Franklin County or, for that matter, in any secure facility, venue is improper here.
In opposition to the motion, the Commissioner contends that, since defendant was physically situate in a facility within Franklin County at the time the current application was made, Franklin County is the proper venue. The Commissioner further contends that defendant was properly transferred to Sun-mount, a secure facility, upon a subsequent retention order in which the court found, without a hearing, that defendant suffered from a dangerous mental disorder.
As both sides have duly noted, the court is constrained to decide the instant motion within the confines of CPL 330.20 (see, Matter of Tucker, 145 Misc 2d 1011). The resolution of the issue presented turns specifically upon the interpretation of CPL 330.20 (9) which must be read and interpreted within the broader context of the entire section.
CPL 330.20 provides the procedural framework to be followed after a criminal defendant is found not responsible by reason of mental disease or defect. Upon proper application and proof, a court may, among other things, (1) commit such a person, found to suffer from a dangerous mental disorder, to the custody of the Commissioner for confinement in a secure facility (CPL 330.20 [6]); (2) later order such person retained therein (CPL 330.20 [8], [9]); (3) later order a transfer (with an order of conditions) from a secure facility to a nonsecure facility, upon a finding that á defendant is still mentally ill but no longer suffers from a dangerous mental disorder (CPL 330.20 [8], [9], [11]); or (4) recommit the defendant to the custody of the Commissioner for confinement in a secure facility upon a finding, after a mandatory hearing upon notice, that a defendant again suffers from a dangerous mental disorder and as *984 long as the application is made while the defendant is covered by an order of conditions (CPL 330.20 [14]).
An order which commits a defendant to the custody of the Commissioner for confinement in a secure facility in a proceeding subsequent to an initial hearing is a "recommitment order” (see, CPL 330.20 [1] [f]; [14]). The statutory framework for recommitment contains a number of mechanisms clearly designed to protect a defendant and afford him due process before he may be recommitted after having been transferred to a nonsecure facility (see, CPL 330.20 [11]) or released from inpatient status (see, CPL 330.20 [12]). Other than a "recommitment order”, no statutory mechanism exists for confinement in a secure facility after the execution of either a "transfer order” or "release order”.
It is noteworthy that the statute requires the issuance of an order of conditions whenever either a transfer order or release order is issued (see, CPL 330.20 [11], [12]). An order of conditions is valid for five years and may be extended, upon good cause shown, for additional five-year periods (see, CPL 330.20 [1] [o]; Matter of Oswald N., 87 NY2d 98).
CPL 330.20 (14), the statutory language governing recommitment orders, provides, in pertinent part, as follows: "At any time during the period covered by an order of conditions an application may be made by the commissioner or the district attorney to the court that issued such order, or to a superior court in the county where the defendant is then residing, for a recommitment order when the applicant is of the view that the defendant has a dangerous mental disorder * * * Upon receipt of such application the court must order the defendant to appear before it for a hearing to determine if the defendant has a dangerous mental disorder * * * The court must conduct a hearing to determine whether the defendant has a dangerous mental disorder.”
There can be little doubt that the Legislature intended that defendants potentially subject to recommitment to secure facilities pursuant to CPL article 330 be afforded significant due process protections. For that reason, applications for recommitment must be made within the duration of an order of conditions. As a further protection, the defendant must appear before the court and a hearing must be conducted before such a person can be determined to have a dangerous mental disorder such that recommitment is appropriate. Certainly, no legitimate argument can be made that a defendant whose order of conditions has expired, and not been extended, should be af *985 forded less procedural protection than one who is still subject to an order of conditions.
In this case, applicant applied for a recommitment order on or about August 22, 1996, two days after Dutchess County Supreme Court had issued a subsequent retention order, without a hearing, in which the court made the finding that defendant, at that time, suffered from a dangerous mental disorder. After defendant had moved to dismiss the recommitment application, because it was not made during the period covered by an order of conditions and accompanied by the required affidavit of a psychiatric examiner, petitioner voluntarily withdrew the recommitment application. In the interim, applicant sent a letter to defendant advising him that he was to be transferred to Sunmount.
Any reliance upon a subsequent retention order for the authority to transfer a defendant from a nonsecure facility to a secure one is clearly misguided. It appears that the Commissioner in this case was attempting to use a retention order to accomplish what must statutorily be accomplished with the use of a recommitment order. However, because the order of conditions issued with the transfer order in 1984 expired without extension in 1989, the Commissioner was unable to apply for recommitment. The Commissioner should not be able to effectively "recommit” the defendant to a secure facility in the absence of a proper recommitment application and hearing.
The Practice Commentary provides additional support for this proposition. "[N]o person who ever has been found to have a dangerous mental disorder can be completely free of the jurisdiction of the court — and the concomitant possibility of return to a secure facility by recommitment — until expiration of the last order of conditions” (Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11A, CPL 330.20, at 25; see, People v Stone, 73 NY2d 296; Matter of Oswald N., 87 NY2d 98, 104, supra).
A fair reading of the statute indicates that a defendant, once determined not to suffer from a dangerous mental disorder, may not subsequently be found to have a dangerous mental disorder in the absence of a recommitment hearing pursuant to CPL 330.20 (14) and all its related procedural safeguards.
Since absolutely no authority existed, with or without the subsequently vacated order of retention of August 20, 1996, allowing the Commissioner to transfer defendant from a nonsecure facility to a secure one, defendant is not presently confined in the custody of the Commissioner in a facility within *986 Franklin County pursuant to a retention order as contemplated by CPL 330.20 (9). While literally confined within Franklin County at this time, that confinement is not pursuant to a valid retention order and would not be even if the retention order issued by Dutchess County Supreme Court had not been vacated. Thus, defendant’s motion for a change of venue should be granted.
However, this court does not believe that it has the authority to compel Dutchess County Supreme Court to take cognizance of this proceeding. Accordingly, upon granting the motion for a change of venue, the proceeding will be transferred to Dutchess County Court as a court of coordinate jurisdiction in Dutchess County.
For the reasons set forth herein, it is ordered that defendant’s motion to transfer the venue of this proceeding from Franklin County Court to Dutchess County Supreme Court be, and the same hereby is, granted in part and denied in part; and it is further ordered that the venue of this proceeding be, and the same hereby is, transferred to the County Court of Dutchess County; and it is further ordered that the clerk of this court forthwith deliver to the clerk of the county to which this matter has been transferred all papers filed in this proceeding.

 The record discloses that defendant sought to block his transfer to Sun-mount after he was advised of the Commissioner’s intention to effect it. Judgment was rendered against him on November 27,1996.