■ In the Matter of the Accounting of CHEMICAL CORN EXCHANGE BANK, as Temporary Administrator of the Estate of EDWARD HIRSCHHORN, Deceased, et al., Respondents, ELSE BROMBERGER et al., Appellants; HELEN SCHWABACH, Respondent.— Decree unanimously affirmed, with costs to respondent Helen Schwabach. No opinion. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ. [22 Misc 2d 898.]

■ LENA FERRANDINO et al., Doing Business as MARBETTI, Appellants, v. FRANCES L. CARTELLI, as Executrix of CARMELLO LOZITO, Deceased, et al., Respondents.— Order entered on October 2, 1959 and the judgment thereon dismissing the complaint on the ground of another pending action between the parties reversed, on the law, on the facts and in the exercise of discretion, with costs to plaintiffs-appellants and the motion denied, with $10 costs. In the prior action judgment was entered December 26, 1958 after inquest. In this action on July 23, 1959 defendant-respondent moved to dismiss the complaint on the ground that the prior action was pending. (Rules Civ. Prac., rule 107, subd. 3.) In the interim the moving defendant had moved to vacate the judgment in the prior action on the ground that she had not been served with process. No prior action was pending when the order to dismiss this action was made because judgment had been entered in the prior action. The judgment in the first action terminated the action and the pendency of the motion to vacate it did not serve to convert it into a pending action. (Porter v. Kingsbury, 77 N. Y. 164, 169; see, also, Gentilala v. Fay Taxicabs, 243 N. Y. 397.) In any event defendant should be estopped from claiming the existence of a prior action, where it has been demonstrated that the prior action, on defendant's objection, was void because of lack of prior service of process. To claim successfully that a prior action is a nullity, and then to assert it bars a subsequent action is a completely inconsistent position. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.

■ LENA FERRANDINO et al., Doing Business as MARBETTI, Appellants, v. LUCIA L. CAPPELLI, Respondent.— Order entered on October 2, 1959, dismissing the action for failure to serve a complaint, reversed, on the law, on the facts and in the exercise of discretion, with costs to plaintiffs-appellants, and the motion denied, with $10 costs, with leave to serve a complaint within 20 days after the entry of the order hereon. This action against the record owner of the property was not prosecuted only because it was represented that the true owner was the decedent Carmello Lozito, father of defendant-respondent Lucia Lozito Cappelli. The pendency of the companion action against the estate of said decedent in which the issue of title may be raised by reason of the record title, there being no demonstration of any prejudice thereby adequately excuses the failure to timely serve the complaint. There will be irreparable prejudice to plaintiff since it appears that the Statute of Limitations has run on the claim since the service of the summons. Concur — Botein, P. J., Breitel, Valente, McNally and Stevens, JJ.