■ EMERY I. NAGY, Respondent, v SIDNEY C. WOOD, as Personal Representative of the Estate of HELEN B. THOMPSON, Deceased, Appellant and Third-Party Plaintiff. SEAMEN'S BANK FOR SAVINGS et al., Third-Party Defendants. — Order, Supreme Court, New York County (Martin Evans, J.), entered December 3, 1982 denying defendant-appellant's (hereinafter defendant) motion for modification of Special Term's order of May 11, 1981, and for an assessment of damages pursuant to CPLR 6212 (subd [e]) is unanimously modified, on the law and the facts, and in the exercise of discretion, to the extent that so much of the order as determines that appellant Wood may not recover his costs and damages under CPLR 6212 (subd [e]) in the present action but must institute a plenary action for damages, is reversed; the injunction contained in the May 11, 1981 order against execution upon the judgment of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County (docket number 78-2589 CP-06), rendered on September 16, 1980, entered as a judgment of the Supreme Court of this State, is continued and enforcement of said judgment in this State is enjoined until further order of this court; and the matter is remanded to Special Term for assessment of defendant-appellant's costs and damages and for further proceedings not inconsistent herewith; and the order is otherwise affirmed, with costs to defendant-appellant. This action was begun by notice of motion for summary judgment in lieu of complaint pursuant to CPLR 3213 based upon a judgment of distribution of the Probate Division of the Florida Circuit Court in connection with the estate of decedent Thompson, defendant-appellant Wood being the personal representative of that estate appointed by the Florida court. Plaintiff obtained an ex parte attachment in this New York action, which was thereafter vacated by the Supreme Court and the vacatur has been affirmed. CPLR 6212 (subd [e]) provides: "The plaintiff shall be liable to the defendant for all costs and damages, including reasonable attorney's fees, which may be sustained by reason of the attachment * * * if it is finally decided that the plaintiff was not entitled to an attachment of the defendant's property." Defendant now seeks to recover such costs and damages. Special Term held that as the action had terminated by a grant of summary judgment, presumably by the order of May 11, 1981, and the court's "final judgment" having been affirmed, there is no longer an action pending, and that thus

defendant would have to bring a plenary action to enforce his claim under CPLR 6212 (subd [e]). This holding was erroneous for these reasons: Although the order of May 11, 1981 was affirmed, it purports to be an "order" rather than a "judgment," it is not in the form of a judgment (cf. CPLR 5016, subd [a]), and it does not appear that any formal "judgment" has ever been entered; thus the action is technically still pending. This technical distinction is sufficient to defeat the technical argument that a new plenary action must be instituted because the original action has terminated. We see no reason why the liability under CPLR 6212 (subd [e]) cannot be enforced by motion in the action in which the attachment was obtained. The order of May 11, 1981 directed the entry of the judgment of the Florida Circuit Court of September 16, 1980 as a judgment of the New York Supreme Court. Defendant now seeks to modify the May 11, 1981 order so as to enter as a judgment of the New York Supreme Court a second order and judgment of the Florida Circuit Court dated July 31, 1981. That second Florida judgment modifies the first judgment in substantial respects, including a reduction, and indeed in effect, a nullification of the amount directed by the first judgment to be distributed to the present plaintiff. CPLR 5402 (subd [a]), which provides for the filing of foreign judgments as judgments of the Supreme Court of this State, requires that the judgment be accompanied by an affidavit stating that the judgment was not obtained by default in appearance. Plaintiff contends that the second judgment was obtained by default in appearance, perhaps even without jurisdiction. On its face, the second Florida judgment does not clarify this point. In the circumstances, defendant is not entitled to have the second Florida judgment entered as a judgment in the New York Supreme Court under CPLR 5402, at least at the present stage of the proceedings. It remains true, however, that the second Florida judgment is a modification of the first judgment, and it would be wrong to enforce the first judgment without regard to the second judgment; perhaps the appropriate remedy would be to vacate so much of the May 11, 1981 order as accepts the first Florida judgment as a judgment of the New York Supreme Court. In any event, the enforcement of the first Florida judgment must be enjoined until the status and effect of the Florida judgments are clarified. Accordingly, the matter is remanded to Special Term for assessment of defendant-appellant's costs and damages pursuant to CPLR 6212 (subd [e]) and for further proceedings not inconsistent with this memorandum. Concur — Sandler, J. P., Sullivan, Ross, Silverman and Milonas, JJ.