OPINION OF THE COURT
Stephen G. Crane, J.
One of the plaintiffs, Ruth Bishins, moves pursuant to "Section 5401 of CPLR” for an order requiring the transfer to her of the proprietary shares of 860 Fifth Avenue Corporation, apartment No. 2-A. This motion is made in an action brought by Ruth Bishins and her coplaintiff, Lillian Finkelstein, both represented by the same attorney. In this action they sued Irwin Bishins and the board of directors of 860 Fifth Avenue Corporation, a cooperative corporation. Their complaint seeks, inter alia, to compel the board of directors to institute the necessary proceedings to effect the transfer to the plaintiffs, of the "records of ownership” of apartment No. 2-A.
It seems that the controversy over the cooperative apartment at 860 Fifth Avenue stems from a matrimonial dispute between Ruth Bishins and Irwin Bishins. They were divorced by decree of the Circuit Court of the 11th Judicial Circuit, Dade County, Florida, dated March 28, 1984. This decree made an equitable distribution of personalty and, as pertinent herein, provided that 180 shares of 860 Fifth Avenue Corpora *315 tion attributable to apartment No. 2-A were declared and decreed to be the sole and exclusive property of Ruth Bishins.
The Florida decree was authenticated on August 12, 1985 and filed with the New York County Clerk under the index number of this action within 90 days of the date of authentication. Then, this motion was brought under the caption of this action to enforce that part of the Florida decree relating to the 180 shares of the cooperative stock. Needless to say, the board of directors, defendants herein, were not parties to the Florida divorce action. Only Mr. Bishins was such a party.
CPLR article 54 is a registration mechanism for the enforcement of sister State judgments entitled to full faith and credit. (6 Weinstein-Korn-Miller, NY Civ Prac ¶ 5401.01.) It is supplemental to a plenary action on the judgment or a motion for summary judgment in lieu of complaint. (CPLR 5406.) Enforcement of such judgments, once registered under CPLR article 54, may be accomplished through the procedures of CPLR article 51 or 52. (6 Weinstein-Korn-Miller, op. cit. ¶ 5402.03, n 14.)
Thus, the relief movant seeks is really not afforded by CPLR article 54. She has moved under CPLR 5401 which merely defines "foreign judgment”. Besides, movant has not demonstrated compliance with the affidavit requirements of CPLR 5402, although the facts required for such an affidavit are discerned in the papers supporting this motion. Consequently, this motion is deemed an application for partial summary judgment in the preexisting action reflected in the caption of the papers on this motion and bearing index No. 20059/82. There is no controlling issue of fact that stands in the way of such relief. The Florida decree was entered after full litigation by defendant Irwin Bishins over whom the Florida court had acquired in personam jurisdiction. He claims that Florida erred in disregarding a previous Pennsylvania divorce judgment in his favor. It seems that he unsuccessfully argued in the Florida action the binding effect of the Pennsylvania judgment.
The Pennsylvania judgment had no provision for a division of property. After his failure in the Flordia action, Mr. Bishins attempted to persuade the Pennsylvania court to award the 180 shares to him. The Pennsylvania court refused and accorded full faith and credit to the Florida decree. From the order embodying this rebuff, Mr. Bishins now has an appeal pending. This circumstance does not create an issue of fact. *316 Indeed, there is at present only one foreign judgment in effect regulating the subject matter of this action. Should this condition change, Mr. Bishins will have a remedy. (Cf. Nagy v Wood, 95 AD2d 728.) Because the Florida decree between Mr. and Mrs. Bishins is entitled to full faith and credit, this court must grant partial summary judgment to movant awarding her, as against her ex-husband, possession of the 180 shares.
The only obstacle remaining is the interest in these shares asserted by the coplaintiff, Lillian Finkelstein. Yet, the same attorney propounding this motion also represents her. The court infers, therefore, that Lillian Finkelstein is willing to withdraw her claim to these shares.
The motion for partial summary judgment directing the board of directors to effect the transfer of the 180 shares to Ruth Bishins is granted on condition that Lillian Finkelstein first file with the board of directors a release of her interest in these shares. The action is severed as to the claims for money damages and interest.