■ In the Matter of VILLAGE OF MONTICELLO et al., Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS, Appel-

lant, et al., Respondent.—Mahoney, J. Appeal from an order of the Supreme Court (Williams, J.), entered August 1, 1986 in Sullivan County, which, in a proceeding pursuant to Executive Law § 298, denied the cross motion by respondent State Division of Human Rights to dismiss the petition.

In May 1985, respondent Harry L. Lawrence, a black patrolman employed by petitioner Village of Monticello Police Department in Sullivan County, filed a complaint against the department, alleging that he had been discriminated against because of his race when he was denied a promotion to the rank of sergeant.

In March 1986, the Regional Director of respondent State Division of Human Rights issued a determination finding probable cause that Lawrence was discriminated against and recommending the matter for a public hearing. Subsequently, petitioners filed a petition under Executive Law § 298 seeking judicial review of the determination of probable cause. The Division made a cross motion to dismiss the proceedings contending, *inter alia,* that the determination of the Division was nonfinal and not reviewable under Executive Law § 298. Supreme Court denied the motion and this appeal by the Division ensued.

Prior to April 1984, Executive Law § 298 provided that "[a]ny complainant, respondent or other person aggrieved by any order of the [Human Rights Appeal] [B]oard may obtain judicial review thereof". The Court of Appeals expressly held that pursuant to this statutory language, a decision of the Board finding probable cause and ordering a hearing was reviewable despite the fact that it was nonfinal *(State Off. of Drug Abuse Servs. v State Human Rights Appeal Bd.,* 48 NY2d 276, 282-283; *see, Matter of Sarkisian Bros. v State Div. of Human Rights,* 48 NY2d 816, 818). Effective April 1984, Executive Law § 298 was amended such that the Human Rights Appeal Board was abolished (L 1984, ch 83). The above-quoted statutory language was modified in only one respect: the word "board" was deleted and the phrase "commissioner or division" was inserted. The language relied on by the Court of Appeals in holding that an order finding probable cause was reviewable was not changed. Therefore, Supreme Court properly held that the decision of the Regional Director was reviewable.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.