OPINION OF THE COURT
Peter P. Rosato, J.
By way of order to show cause and accompanying verified petition and supporting affidavit, petitioner, a dentist, seeks (1) to vacate a determination of probable cause entered by respondent against petitioner by way of written notice of probable cause determination dated February 17, 1989; and (2) to be granted a writ of prohibition dismissing an amended complaint dated February 16, 1989 and entitled McCoury v Sattler, for lack of subject matter jurisdiction, i.e., on the ground that petitioner’s dental office, which office is located in Manhattan, does not constitute a "public accommodation” as defined by Administrative Code of the City of New York § 8-102 (9). Petitioner also seeks to stay and enjoin respondent from proceeding further with this matter until the instant proceeding is determined.
Respondent, in opposition, cross-moves for a change of venue to New York County or, alternatively, to dismiss the instant proceeding. Petitioner, by way of reply, opposes respondent’s cross motion.
By way of background, on or about March 11, 1988, one Stephen McCoury, a resident of Manhattan, filed a complaint with respondent "alleging an unlawful discriminatory practice relating to a public accommodation” whereby petitioner allegedly "refused to provide him with dental care by reason of his having the disability of AIDS”. Thereafter, on February 16, 1989, Stephen McCoury filed an amended complaint with respondent. One day later, on February 17, 1989, respondent, whose principal place of business is also located in Manhattan, issued a "Notice of Probable Cause Determination and Intention to Proceed to Public Hearing”.
Petitioner, a resident of Westchester County, then brought on the instant application, captioned as a CPLR article 78 proceeding, on April 27, 1989.
Respondent, on May 3, 1989, then served petitioner with a demand for change of venue wherein, pursuant to CPLR 506 (b); 511 (b) and 7804 (b), respondent demands that venue be changed to New York County.
CPLR 506 (b), in pertinent part, provides that: "A proceeding against a body or officer shall be commenced in any *75 county within the judicial district where the respondent made the determination complained of or refused to perform the duty specifically enjoined upon him by law, or where the proceedings were brought or taken in the course of which the matter sought to be restrained originated, or where the material events otherwise took place, or where the principal office of the respondent is located”.
CPLR 7804 (b), in turn, provides that, "A proceeding under this article shall be brought in the supreme court in the county specified in subdivision (b) of section 506 except as that subdivision otherwise provides.” (Emphasis added.)
Petitioner then, by way of opposing affidavit dated May 4, 1989, opposes respondent’s demand for change of venue. It is petitioner’s position that pursuant to CPLR 506 (a), as opposed to CPLR 506 (b), venue is properly laid here in Westchester County. CPLR 506 (a) provides that, "Unless otherwise prescribed in subdivision (b) or in the law authorizing the proceeding, a special proceeding may be commenced in any county within the judicial district where the proceeding is triable.” (Emphasis added.)
Petitioner further argues that the law "authorizing the instant proceeding” is in fact Administrative Code § 8-110, comparable to its counterpart on the State level, Executive Law § 298.[1] Administrative Code § 8-110, if found applicable to the instant case, would permit venue to be placed in Westchester County based on the fact that petitioner resides in Westchester County.
Section 8-110 of the aforementioned Administrative Code, as set forth in respondent’s memorandum of law in support of its cross motion,[2] provides in pertinent part as follows: " 'Judicial review and enforcement. Any complainant, respondent or other person aggrieved by such order of the commission may obtain judicial review thereof, and the commission may obtain *76 an order of court for its enforcement, in a proceeding as provided in this section. Such proceeding shall be brought in the supreme court of the state within any county wherein the unlawful discriminatory practice which is the subject of the commission’s order occurs or wherein any person required in the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business. Such proceeding shall be initiated by the filing of a petition in such court, together with a written transcript of the record upon the hearing, before the commission, and the issuance and service of a notice of motion returnable at a special term of such court. Thereupon the court shall have jurisdiction of the proceeding and of the questions determined therein, and shall have power to grant such temporary relief or restraining order as it deems just and proper, and to make and enter upon the pleadings, testimony, and proceedings set forth in such transcript an order enforcing, modifying, and enforcing as so modified, or setting aside in whole or in part the order of the commission. No objection that has not been urged before the commission shall be considered by the court, unless the failure or neglect to urge such objection shall be excused because of extraordinary circumstances. Any party may move the court to remit the case to the commission in the interests of justice for the purpose of adducing additional specified and material evidence and seeking findings thereon, provided such party shows reasonable grounds for the failure to adduce such evidence before the commission. The findings of the commission as to the facts shall be conclusive if supported by sufficient evidence on the record considered as a whole. * * * A proceeding under this section when instituted by any complainant, respondent or other person aggrieved must be instituted within thirty days after the service of the order of the commission.’ ” (Emphasis added by respondent.)
It is respondent’s position that the phrase "such order[s]” contained at Administrative Code § 8-110 refers to the post-hearing orders described at Administrative Code § 8-109 (2) (c). Respondent’s argument in this regard does seem to derive support from the language of section 8-110 itself. The latter section specifically provides, inter alia, that, "Such proceeding shall be initiated by the filing of a petition in such court, together with a written transcript of the record upon the hearing, before the commission”. (See, Administrative Code § 8-110 [emphasis added].) Section 8-110 also permits, by its *77 express terms, any party to make application to remit the case back to the Commission for purposes of taking further evidence.
Moreover, the relatively sparse case law touching on the narrow question of statutory construction raised herein also tends, at least by implication, to support respondent’s position. The case of Burlington Indus. v New York City Human Rights Commn. (82 AD2d 415 [1st Dept 1981], affd 58 NY2d 983), cited in the case notes immediately following Administrative Code § 8-110, involved an application to vacate an award made by respondent New York City Human Rights Commission upon their determination, following a hearing, that petitioner (Burlington) had engaged in discriminatory employment practices. And see also, Rudow v New York City Commn. on Human Rights (affd no opn 109 AD2d 1111 [1st Dept], lv denied 66 NY2d 605), where petitioner similarly sought judicial review of a decision and order of respondent, which decision and order was rendered following a hearing held subsequent to the Commission’s finding of probable cause. In the instant case, on the other hand, respondent’s "Notice of Probable Cause Determination” dated February 17, 1989 expressly provides that it is respondent’s intention to notice the instant matter, in futuro, for a public hearing, the clear import being that no "hearing” had as yet been held.
Thus, analysis of the wording of Administrative Code § 8-110 itself, as well as a review of the relevant case law, leads this court to the conclusion that the term "such order” as contained at section 8-110 refers to judicial review of posthearing orders. Therefore, this court would find that section 8-110 is inapplicable here, given the procedural posture of the instant case.
Moreover, and even if arguendo this court were to find Administrative Code § 8-110 applicable to the instant case (which it has not), respondent raises yet another and apparently valid point in reference to section 8-110. The concluding sentence of section 8-110 provides that, "A proceeding under this section * * * must be instituted within thirty days after the service of the order of the commission.” Here, while the record insofar as the service question is concerned appears to be somewhat incomplete, respondent has made an uncontroverted representation that the probable cause notice dated February 17, 1989 was in fact "served on or about February *78 17, 1989”.[3] Accepting respondent’s representation at face value, petitioner’s instant application, dated April 27, 1989, would clearly be untimely even were the court to deem it a proceeding brought under Administrative Code § 8-110.
The court would also make one final observation which tends to reinforce its conclusion that CPLR 506 (a) is not the controlling venue provision here. Given that Executive Law § 298 is considered to be the parallel counterpart to Administrative Code § 8-110, analysis of the former provision, as at least one court has recognized, could be somewhat instructive as well. (See, Rudow v New York City Commn, on Human Rights, 123 Misc 2d 709, 710, n 4, supra.) Petitioner, in his reply affirmation, refers to Matter of Sarkisian Bros, v State Div. of Human Rights (48 NY2d 816) and Matter of Village of Monticello v New York State Div. of Human Rights (127 AD2d 962 [3d Dept 1987]), both of which expressly hold that a probable cause determination was in fact an order reviewable under Executive Law § 298 despite its being nonfinal in nature. As the Third Department pointed out in the Village ofMonticello case (supra), such probable cause determination was in fact reviewable pursuant to the Executive Law both before and after the April 1984 amendments to Executive Law § 298 (see, L 1984, ch 83). Significantly, however, the 1984 amendments thereto did not alter the wording of Executive Law § 298 insofar as it then permitted judicial review of any order of the Board.
However, pursuant to section 3 of the Laws of 1988 (ch 505), Executive Law § 298 was again amended, effective August 1, 1988. As amended, Executive Law § 298, in pertinent part, now reads as follows: "Any complainant, respondent or other person aggrieved by an order of the commissioner which is an order after public hearing, a cease and desist order, an order awarding damages, an order dismissing a complaint, or by an order of the division which makes a final disposition of a complaint may obtain judicial review thereof, and the division may obtain an order of court for its enforcement and for the enforcement of any order of the commissioner which has not been appealed to the court, in a proceeding as provided in this section. Such proceeding shall be brought in the supreme *79 court in the county wherein the unlawful discriminatory practice which is the subject of the order occurs or wherein any person required in the order to cease and desist from an unlawful discriminatory practice or to take other affirmative action resides or transacts business.”
As can plainly be seen, the August 1, 1988 amendment to Executive Law § 298 significantly restricted and limited review to just those particular orders expressly listed. It also was made applicable to "any suit, action or administrative proceeding now pending or instituted after the effective date hereof.” (See, L 1988, ch 505, § 3.) So, whether or not the pending complaint brought on by Stephen McCoury is deemed to be instituted by his original complaint, dated March 11, 1988, or by his amended complaint, dated February 16, 1989, Executive Law § 298, as amended August 1, 1988, appears to be equally applicable. Thus, to the extent petitioner seeks to draw further support for his position from those aforementioned appellate cases construing Executive Law § 298 as formerly constituted, the essential underpinning for petitioner’s argument (i.e., the "any order” language previously contained at Executive Law former § 298) has now been eliminated.
Accordingly, it is the considered opinion of this court that neither Administrative Code § 8-110 nor Executive Law § 298 is applicable here and that neither can be utilized by petitioner as "the law authorizing this proceeding” for purposes of securing venue in Westchester County under CPLR 506 (a). Rather, as the caption to this proceeding itself relates, the instant proceeding should properly be considered an article 78 proceeding which, pursuant to CPLR 7804 (b), expressly provides that venue is to be placed in the county specified in CPLR 506 (b). All the indicia provided at CPLR 506 (b) (i.e., county where respondent made the subject determination; or county where the matter originated; or where the "material events” otherwise took place; or where respondent’s principal office is located) all point to one conclusion — that venue properly lies in New York County.
Accordingly, respondent’s cross motion to change venue is hereby granted, and the instant proceeding is hereby transferred to the Supreme Court, New York County, for further proceedings.

. The conclusion that Administrative Code of the City of New York § 8-110 is in fact comparable to Executive Law § 298 on the State level has long since been recognized by the Court of Appeals. (See, Matter of Pace Coll, v Commission on Human Rights, 38 NY2d 28 [1975]; and see, Rudow v New York City Commn. on Human Rights, 123 Misc 2d 709 [Sup Ct, NY County 1984, Glen, J.].)

. This court has independently reviewed the New York City Charter and Administrative Code of the City of New York provisions in question (tits 1-10), with the cumulative supplement dated December 31, 1988; to this court’s knowledge, section 8-110 has undergone no recent revision or amendment.

. Notwithstanding petitioner’s assertion that the 30-day Statute of Limitations argument "is mentioned in a footnote” to respondent’s memorandum, respondent has clearly raised this argument in the text of its memorandum of law.