◼ In the Matter of CITY OF ALBANY et al., Respondents, v NEW YORK STATE DIVISION OF HUMAN RIGHTS et al., Appellants.—Mercure, J. Appeal from a judgment of the Supreme Court (McDermott, J.), entered August 16, 1988 in Albany County, which granted petitioners' application, in a proceeding pursuant to Executive Law § 298, to annul a determination of respondent State Division of Human Rights finding probable cause to believe that petitioner City of Albany had engaged in an unlawful discriminatory practice relating to employment, and dismissed the complaint.

In September 1987, respondent Roger G. Van Amburgh, a 38-year-old firefighter employed by petitioner City of Albany (hereinafter the City), filed a complaint with respondent State Division of Human Rights (hereinafter the Division) charging that the City had discriminated against him because of his age. In February 1988, after investigation of the complaint, the Division's Albany regional office issued a determination of probable cause to believe that Van Amburgh had been discriminated against and recommended a public hearing. Petitioners then commenced this proceeding under Executive Law § 298 seeking judicial review of the determination of probable cause. In its answer, the Division asserted, inter alia, that the City had failed to exhaust its administrative remedies and that judicial intervention was premature. Supreme Court, in an opinion dated July 21, 1988, held that the City had a right to seek judicial review and that the finding of probable cause should be annulled. The petition was granted by a judgment dated August 9, 1988 and entered August 16, 1988. This appeal by respondents followed.

In *Matter of Village of Monticello v New York State Div. of Human Rights* (127 AD2d 962, *lv dismissed* 70 NY2d 793), we held that a determination of the Division finding probable cause and recommending a public hearing was reviewable. The Legislature then amended Executive Law § 298 to provide, *inter alia,* that any "person aggrieved by an order of the commissioner which is an order after public hearing, a cease and desist order, an order awarding damages, an order dis-

missing a complaint, or by an order of the division which makes a final disposition of a complaint may obtain judicial review thereof" (L 1988, ch 505, § 1). This amendment was to take effect immediately and apply to any suit, action or administrative proceeding pending on or instituted after its effective date, August 1, 1988 (L 1988, ch 505, § 3). Contrary to petitioners' assertion, this proceeding was pending at the time of the effective date of the amendment of Executive Law § 298 because, although Supreme Court's opinion was dated prior to August 1, 1988, judgment granting the petition had not yet been entered. It has long been settled law that it is the entry of judgment which terminates an action or proceeding *(see, Porter v Kingsbury,* 77 NY 164; *Nagy v Wood,* 95 AD2d 728, 729; *Ferrandino v Cartelli,* 12 AD2d 604; *see also, Matter of Hrouda v Winne,* 112 AD2d 304, 305). Inasmuch as this proceeding was pending on August 1, 1988 and only final orders of the Division were subject to judicial review as of that date, we conclude that the Division's probable cause determination was not reviewable. Thus, the judgment of Supreme Court must be reversed and the petition dismissed.

Judgment reversed, on the law, without costs, and petition dismissed. Mahoney, P. J., Weiss, Mikoll, Mercure and Harvey, JJ., concur.