■ In the Matter of ROBERT SATTLER, Respondent, v CITY OF NEW YORK COMMISSION ON HUMAN RIGHTS, Appellant.—In proceeding pursuant to Administrative Code of the City of New York former § 8-110 to review a determination of the New York City Commission on Human Rights, dated November 30, 1989, which held that the petitioner, a dentist, discriminated against the complainant because he was infected with the HIV virus, and awarded the complainant $3,000 in compensatory damages, the appeal is from a judgment of the Supreme Court, Westchester County (Rosato, J.), entered March 31, 1990, which found in favor of the petitioner and vacated the Commission's determination.

Ordered that the judgment is affirmed, without costs or disbursements.

After the complainant, who tested positive for the HIV virus, filed a complaint against the petitioner, Dr. Robert Sattler, a dentist, with the New York City Commission on Human Rights (hereinafter the Commission), a hearing was held to determine whether Dr. Sattler did in fact discriminate against the complainant in violation of Administrative Code of the City of New York former § 8-107 (2) and former § 8-108.

The Administrative Law Judge who heard the case and whose findings were adopted by the Commission, determined that certain statements Dr. Sattler made to the complainant during a telephone conversation constituted a refusal to treat him based on his status as a person infected with the HIV virus.

Under Administrative Code former § 8-107 (2) and former § 8-108, it was unlawful for a "place of public accommodation" to discriminate against an "otherwise qualified physically handicapped" individual. No issue has been raised on this appeal with respect to whether an HIV-infected person constitutes an "otherwise qualified physically handicapped" individual. The dispositive issue in this case is whether the petitioner's one-chair dental practice was a "place of public accommodation" as defined in Administrative Code former § 8-102 (9) as that law existed when the alleged discrimination occurred.

We note that Administrative Code § 8-102 (9) was amended in 1991 after the Supreme Court issued its decision in this case. The amended version provides, *inter alia,* that a " 'place or provider of public accommodation' shall include providers, whether licensed or unlicensed, of goods, services, facilities, accommodations, advantages or privileges of any kind". The phrase at issue on this appeal, "retail stores and establishments dealing with goods and services of any kind", has been deleted, and we do not pass on whether the petitioner's one-chair dental practice would be considered a "place of public accommodation" under the amended version.

The Commission contends that the phrase "retail stores and establishments dealing with goods and services of any kind, dispensaries, clinics [and] hospitals", which was set forth in former section 8-102 (9), and was part of an extensive list meant to illustrate what constituted a "place of public accommodation", requires a finding that a dental office is a "place of public accommodation" under the former version. We disagree. Contrary to the Commission's interpretation, the term "retail" modified "stores and establishments", and not just "stores". If a "place of public accommodation" included "establishments dealing with goods and services of any kind", as the Commission suggests, the remainder of that provision, some 50 lines of illustrative examples, would have been rendered meaningless. Nor do we accept the Commission's argument that the New York City Council intended that all private dental or medical offices be considered "places of public accommodation" by including the terms "clinics" and "hospitals" in the provision. The plain meaning of those terms indicated that private dental offices were excluded unless they

were clinics. The facts of this case demonstrate that the petitioner's dental office did not operate as a clinic.

Moreover, we note that where a statute consists of common words of clear import and statutory construction is dependent upon an accurate apprehension of legislative intent, there is no reason for a court to defer to a contrary interpretation given by an administrative agency (see, Kurcsics v Merchants Mut. Ins. Co., 49 NY2d 451; Matter of SIN, Inc. v Department of Fin., 71 NY2d 616).

Because the petitioner's dental practice was not a "place of public accommodation" within the meaning of Administrative Code former § 8-102 (9), we need not concern ourselves with the question of whether his practice fell within the exclusion for a "place of accommodation which proves that it is in its nature distinctly private".

Furthermore, since the petitioner's practice was not a "place of public accommodation", it follows that there was no violation of Administrative Code former § 8-107 (2). However, if we were to reach the merits of the discrimination claim, we would find that the petitioner's parting comment to his patient during their telephone conversation, that he was still his dentist, precluded a finding that the petitioner refused to treat him. Thompson, J. P., Sullivan, Harwood and O'Brien, JJ., concur. [See, 144 Misc 2d 73, 147 Misc 2d 189.]