■ In the Matter of DENNIS W. CAHILL, Petitioner, v MARGARITA ROSA, Respondent. [632 NYS2d 614] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights, dated March 30, 1994, which, after a hearing, *inter alia,* found that the

petitioner, a dentist, had denied the complainant treatment because he perceived the complainant to be at risk for HIV infection and awarded the complainant $10,000 in compensatory damages. Cross petition by the respondent to confirm the determination.

Adjudged that the petition is granted, on the law, and the determination is annulled; and it is further,

Adjudged that the cross petition is denied; and it is further,

Ordered that the petitioner is awarded one bill of costs.

The complainant alleged to the New York State Division of Human Rights (hereinafter the SDHR), that the petitioner, a dentist, had denied him treatment because the petitioner perceived him to have AIDS.

After the complainant, who tested negative for the HIV virus, filed a complaint, the SDHR held a hearing to determine whether the petitioner did, in fact, discriminate against the complainant in violation of Executive Law § 296 (2) (a). The Administrative Law Judge who heard the case and whose findings were adopted by the Commissioner determined that certain acts of the petitioner's employee constituted a refusal to treat the complainant based on his status as a person who was perceived to be at risk for the HIV virus.

Under Executive Law § 296 (2) (a), it is an unlawful discriminatory practice for an owner of any "place of public accommodation" to withhold from or deny to any person because of disability any of the accommodations, advantages, facilities or privileges thereof. No issue has been raised in this proceeding with respect to whether an HIV-infected person or one so perceived, constitutes a person with a disability. The dispositive issue in this case is whether the petitioner's dental practice was a "place of public accommodation", as defined in the Executive Law § 292 (9), when the alleged discrimination occurred.

The State Commissioner contends that the phrase "wholesale and retail stores and establishments dealing with goods and services of any kind, dispensaries, clinics, [and] hospitals", which is set forth in Executive Law § 292 (9) and is part of an extensive list meant to illustrate what constitutes a "place of public accommodation", requires a finding that a dental office is a "place of public accommodation". We disagree. Contrary to the Commissioner's interpretation, the terms "wholesale and retail" modify "stores and establishments dealing with goods and services of any kind". If "a place of public accommodation" includes "establishments dealing with goods and services of any kind", as the Commissioner suggests, the remainder of that provision, approximately 30 lines of illustrative examples, would be rendered meaningless. Nor do we accept the Commis-

sioner's argument that the State Legislature intended that all private dental or medical offices be considered "places of public accommodation" by including the terms "clinics" and "hospitals" in the provision. The plain meaning of those terms indicates that private dental offices are excluded unless they are clinics. The facts of this case, that the petitioner was a sole practitioner operating primarily on an appointment basis in a privately owned building, demonstrate that the petitioner's dental office did not operate as a clinic (*see, Matter of Sattler v City of New York Comm. on Human Rights*, 180 AD2d 644).

Moreover, where a statute consists of common words of clear import and statutory construction is dependent upon an accurate apprehension of legislative intent, there is no reason for a court to defer to a contrary interpretation given by an administrative agency (*see, Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451; *Matter of SIN, Inc. v Department of Fin.*, 71 NY2d 616).

Because the petitioner's dental practice was not a "place of public accommodation", it follows that there was no violation of Executive Law § 296 (2). Therefore, the petition must be granted, and the cross petition denied. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.