■ In the Matter of LLOYD M. LASSER et al., Petitioners, v MARGARITA ROSA, as Commissioner of the New York State Division of Human Rights, on Complaint of T. W., Respondent. [634 NYS2d 188] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated March 31, 1994, which, after a hearing, found that the petitioners, a dentist and a dental partnership, had discriminated against the complainant because she was perceived to be at risk for HIV infection and awarded the complainant $25,000 in compensatory damages.

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

After the complainant, who tested positive for the HIV virus, filed a complaint against the petitioners Lloyd Lasser, who is a dentist, and the Newburgh Dental Group, with the New York State Division of Human Rights (hereinafter the SDHR), a hearing was held to determine whether Dr. Lasser did in fact discriminate against the complainant in violation of Executive Law § 296 (2) (a). The Administrative Law Judge who heard the case and whose findings were adopted by the Commissioner of the SDHR determined that certain acts of Dr. Lasser constituted a refusal to treat the complainant based on her status as a person who was perceived to be at risk for the HIV infection.

Under Executive Law § 296 (2) (a), it is an unlawful discriminatory practice for an owner of any "place of public accommodation" to withhold from or deny to any person, because of any disability, any of the accommodations, advantages, facilities, or privileges thereof. However, since Dr. Lasser was a private practitioner and operated on an appointment basis in a privately-owned building, his dental office did not operate as a clinic (see, Matter of Sattler v City of N. Y. Commn. on Human Rights, 180 AD2d 644), and therefore, did not constitute a "place of public accommodation" within the meaning of Executive Law § 296 (2) (a) (see, Matter of Cahill v Rosa, 220 AD2d 585).

Because the petitioner's dental practice was not a "place of public accommodation" (see, Matter of Cahill v Rosa, supra), there was no violation of Executive Law § 296 (2). Therefore, the petition must be granted.

In light of our determination, the remaining contentions of the respondent are academic. Thompson, J. P., Altman, Krausman and Goldstein, JJ., concur.