■ In the Matter of JEFFREY L. SCHULMAN et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS, Respondent. [641 NYS2d 134] —Proceeding pursuant to Executive Law § 298 to review a determination of the respondent New York State Division of Human Rights dated October 31, 1994, which, after a hearing, found that the petitioners, dentists and a professional dental corporation, had discriminated against the complainant because he was perceived to be at risk for HIV infection, and awarded the complainant $25,000 in compensatory damages.

Adjudged that the petition is granted, on the law, with costs, the determination is annulled, and the complaint is dismissed.

After the complainant, who tested positive for the HIV virus, filed a complaint against the petitioners, who are dentists and a professional corporation, with the New York State Division of Human Rights (hereinafter the SDHR), a hearing was held to determine whether the petitioner Dr. Edward Anker did in fact discriminate against the complainant in violation of Executive Law § 296 (2) (a). The Administrative Law Judge who heard the case and whose findings were adopted by the Commissioner determined that certain acts of Dr. Anker constituted a refusal to treat the complainant based on his status as a person who was perceived to be at risk for the HIV infection.

Under Executive Law § 296 (2) (a), it is an unlawful discriminatory practice for an owner of any "place of public accommodation" to withhold from or deny to any person because of disability any of the accommodations, advantages, facilities or privileges thereof. However, since the petitioners were private practitioners and operated on an appointment basis in private facilities, their dental office did not operate as a clinic (*see, Matter of Sattler v City of N. Y. Commn. on Human Rights,* 180 AD2d 644), and therefore, did not constitute a "place of public accommodation" within the meaning of Executive Law § 296 (2) (a) (*see, Matter of Lasser v Rosa,* 221 AD2d 634; *Matter of Cahill v Rosa,* 220 AD2d 585).

Because the petitioners' dental practice was not a "place of public accommodation" (*see, Matter of Lasser v Rosa, supra),* there was no violation of Executive Law § 296 (2). Therefore the petition must be granted.

In light of our determination, the remaining contentions of the respondent are academic. Balletta, J. P., Santucci, Krausman and Florio, JJ., concur.