In the Matter of Dennis W. Cahill, Petitioner, v Margarita Rosa, as Commissioner of the State Division of Human Rights, Respondent. [653 NYS2d 854] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated March 30, 1994, which, after a hearing, *inter alia,* found that the petitioner, a dentist, had denied the complainant treatment because he perceived the complainant to be at risk for HIV infection, and awarded the complainant $10,000 in compensatory damages. Cross petition by the respondent to confirm the award. By decision and order of this Court dated October 16, 1995, the petition was granted, the cross petition was denied, and the determination was annulled *(Matter of Cahill v Rosa,* 220 AD2d 585). By order dated October 15, 1996, the Court of Appeals reversed and remitted the matter to this Court for consideration of issues raised but not considered on the appeal *(Matter of Cahill v Rosa,* 89 NY2d 14).

Adjudged that the petition is denied, on the law; and it is further,

Adjudged that the cross petition is granted; and it is further,

Ordered that the respondent is awarded one bill of costs.

The complainant alleged to the New York State Division of Human Rights (hereinafter the SDHR), that the petitioner, a dentist, had denied him treatment because the petitioner perceived him to be at risk for HIV infection.

After the complainant, who tested negative for the HIV virus, filed a complaint, the SDHR held a hearing to determine whether the petitioner did, in fact, discriminate against the complainant in violation of Executive Law § 296 (2) (a). The Administrative Law Judge who heard the case and whose findings were adopted by the Commissioner determined that certain acts of the petitioner's employee constituted a refusal to treat the complainant based on his status as a person who was perceived to be at risk for the virus.

It is well settled that in order to annul an administrative determination rendered after a hearing, this Court must conclude that the record lacks substantial evidence to support the determination (see, Matter of Lahey v Kelly, 71 NY2d 135, 140; Matter of Pell v Board of Educ., 34 NY2d 222, 231; Matter of Fitzpatrick v Board of Educ., 96 AD2d 557). Substantial evidence "consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from that proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" (300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176, 181).

A review of the record supports the determination here.

The petitioner's remaining contentions are without merit. O'Brien, J. P., Copertino, Santucci and Joy, JJ., concur.