Friedman Harfenist Kraut & Perlstein, LLP, Respondent, 
against
Jonathan Pratt, Appellant.



Appeal from an order of the District Court of Nassau County, First District (Scott Fairgrieve, J.), dated May 16, 2014. The order denied defendant's motion to vacate a "default judgment" entered against him and to mark the action settled.




ORDERED that the order is modified by providing that the branch of defendant's motion seeking to mark the action settled is granted; as so modified, the order is affirmed, without costs.
In July 2012, plaintiff law firm commenced this action against defendant, its former client, to recover $3,603.31 in legal fees allegedly due for legal services it had rendered in representing defendant in a Supreme Court action. After defendant failed to appear or answer in this action, plaintiff moved, in September 2012, for leave to enter a default judgment. Following several adjournments, the motion was submitted to the court, without opposition, on January 9, 2013. By order dated January 18, 2013, the District Court (Andrea Phoenix, J.) denied the motion with leave to renew on proper papers. In February 2013, plaintiff again moved for leave to enter a default judgment. The motion, which was made returnable on March 1, 2013, was adjourned several times until July 17, 2013, when it was submitted to the court without opposition. By order dated September 30, 2013, the District Court (Douglas J. Lerose, J.) granted the motion.
Thereafter, in March 2014, defendant moved to vacate the "default judgment" and to mark the action settled, contending that any default on the part of defendant was a result of the parties' "miscommunication or misunderstanding." In a supporting affidavit, defendant's counsel stated the following: upon his receipt of a copy of the pleadings in this matter, he had contacted plaintiff in the hope of negotiating a settlement, and, in February or March of 2013, an agreement was reached that the matter would be settled for $1,200. Instead of receiving a proposed stipulation of settlement from plaintiff's counsel, he learned that a "default judgment" had been entered against defendant on September 30, 2013. In a conversation he had with plaintiff's counsel on or about October 28, 2013, plaintiff's counsel stated that he had not agreed to draft a proposed stipulation of settlement but had, instead, informed defendant's counsel that the action would be discontinued only upon the tender and clearance of a check in the sum of $1,200 and that, at this point, plaintiff would not accept less than $2,000 to resolve the matter. On October 30, 2013, defendant tendered a check to plaintiff in the sum of $2,000 and, on the following day, [*2]defendant's counsel sent two proposed stipulations to plaintiff: one to vacate the September 30, 2013 "default judgment" and one to settle and discontinue the action by virtue of defendant's payment to plaintiff of $2,000. Instead of executing those stipulations, plaintiff provided defendant with an executed "satisfaction of judgment" dated November 1, 2013.
In opposition to the motion, plaintiff's counsel conceded that, in February 2013, he had agreed to accept $1,200 from defendant, but denied that he had ever said that he would draft a proposed stipulation of settlement. Instead, he had told defendant's counsel that plaintiff would issue a discontinuance only upon defendant's tender of a check "without delay." He further stated that, after several unsuccessful attempts to contact defendant's counsel, plaintiff, on July 17, 2013, had submitted to the court its motion for leave to enter a default judgment rather than further adjourning the motion. The "Judgment of Default" dated September 30, 2013 decided the motion in plaintiff's favor.
Defendant appeals from an order of the District Court (Scott Fairgrieve, J.) dated May 16, 2014, which denied his motion, noting that plaintiff had followed the law by executing a satisfaction of judgment.
We note, at the outset, that the parties have proceeded under the erroneous premise that the paper dated September 30, 2013 was a "default judgment" which was entered on that date. However, the paper in question is not a judgment but rather an order, as it determined defendant's motion and met all the requirements of a written order as set forth in CPLR 2219 (a). Moreover, because the order recited that plaintiff was awarded $3,601.31 "with interest thereon . . . with the costs and disbursements of the plaintiff to be duly taxed by the clerk of this court," it clearly contemplated that a forthcoming judgment would be entered by the clerk after fixing the amount of interest, costs and disbursements. The record before us does not contain an entered judgment, i.e., a judgment signed and filed by the clerk (see CPLR 5016 [a]). Since there was no default judgment entered against defendant, there is no judgment to be vacated. Accordingly, insofar as defendant sought to vacate a default judgment purportedly entered against him for the purpose of achieving the ultimate relief sought in his motion, to wit, marking a pending action settled, that branch of his motion should have been denied as academic rather than on the ground stated by the District Court. To the extent that the motion sought, in effect, to vacate the default order, no sufficient basis was shown therefor.
Notwithstanding the fact that there was no entered judgment, plaintiff executed a "satisfaction of judgment" on November 1, 2013, stating that the "judgment" in the sum of $3,603.31 "entered . . . on September 30, 2013 . . . has been fully paid or otherwise settled" and that "full satisfaction of said judgment is acknowledged." Given the fact that plaintiff was accepting defendant's payment of $2,000 in "full satisfaction" of the $3,603.31 amount due, which was "fully paid or otherwise settled," it is apparent that plaintiff intended to terminate all of its claims against defendant. Under the circumstances presented, we find that plaintiff thereby agreed to terminate the action which had, in fact, still been pending, since no judgment had been entered terminating the action (see Albany v New York State Div. of Human Rights, 157 AD2d 1008 [1990]; Nagy v Wood, 95 AD2d 728, 729 [1983]; Ferrandino v Cartelli, 12 AD2d 604 [1960]). As the document was drafted and signed by a member of plaintiff's firm, it constitutes a binding stipulation (see CPLR 2104). Consequently, that document should be deemed a stipulation of settlement of the action (see generally CPLR 2104). 
Accordingly, the order of the District Court is modified by providing that the branch of defendant's motion seeking to mark the action settled is granted.
Garguilo, J.P., Iannacci and Brands, JJ., concur.
Decision Date: June 22, 2016