Keatihg, J.
 

 More than five months after receiving a copy of an order to which it had explicitly consented, MVAIC moved to have the order vacated on the ground that it was not served with the petition upon which the order ivas based. It contended that, had it been served, it would “have affected MVAIC’s settlement negotiations or have aborted said negotiations altogether. ’ ’ The information of which it was allegedly deprived consisted of a statement that the appellant had an action pending against the City of New York arising out of the same occurrence which formed the basis for the order in issue.
 

 
 *344
 
 The facts are not disputed.
 

 On June 13, 1960, the infant appellant was struck and injured by an uninsured motor vehicle. Notice of claim was duly filed, the claim was accepted, negotiations took place and, on September 11, 1963, the claimant accepted a settlement offer from MVAIC in the amount of $8,000. Claimant’s letter of September 11, 1963 states that papers necessary for judicial approval of the settlement are in the process of preparation and will be forwarded to MVAIC upon completion. Two days later, on September 13, 1963, MVAIC forwarded certain assignments required by section 613 of the Insurance Law, and four days thereafter sent claimant a “ consent to settle ” letter
 
 “
 
 subject to the approval of the Court as provided for in Section 613 of Article 17-A of the Insurance Law.”
 

 Section 613 of the Insurance Law contains the allegedly crucial language. Subdivision (a) provides: “ (a) A qualified person who has complied with section six hundred eight and the corporation [MVAIC] may negotiate the settlement of any claim or action against a financially irresponsible motorist, and such qualified person
 
 upon notice to the corporation
 
 may file a verified petition with a court of competent jurisdiction in this state, accompanied by a recommendation of the corporation, for the settlement of the claim or action in a specified amount ” (emphasis added).
 

 All other requirements were fully complied with and, upon a finding that the settlement was just and reasonable and in the best interests of the infant, , Special Term approved the settlement.
 

 The respondent, MVAIC, now contends that the settlement was not made “ upon notice to the corporation” as required by section 613. Special Term thereupon vacated its prior order of settlement and on appeal the Appellate Division, Second Department, affirmed.
 

 In the circumstances, formal notice to the corporation was not a defect ousting the court of jurisdiction. It was, at most, a mere procedural irregularity (see CPLB 2001; 2 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2001.01
 
 et'seq.).
 
 It is clear that MVAIC had fully consented to the procedure adopted by the claimant. Absent such consent and
 
 “
 
 a recommendation of the corporation ”, settlement could not have taken place. Letters
 
 *345
 
 written by MVAIC to the claimant fully justified the claimant in proceeding to petition the court. Its letter consenting to settlement is conditioned only on “ the approval of the Court ” and there is no question but that MVAIC made the settlement offer of $8,000.
 

 We also think that MVAIC waived any right to contest the notice requirement by waiting more than five months after receiving the order before seeking to have it vacated.
 

 The order of the Appellate Division should be reversed and the settlement order reinstated, with costs.
 

 Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi and Bbegan concur.
 

 Order reversed and settlement order of Special Term reinstated, with costs in this court and in the Appellate Division.