Louis I. Kaplan, J.
This is an application by petitioner for an order pursuant to section 610 of the Insurance Law (Motor Vehicle Accident Indemnification Corporation Law) directing the Motor Vehicle Accident Indemnification Corporation to pay the judgment entered in this court against Francis Marichal in the sum of $1,346 with interest from the 24th day of May, 1967.
It is undisputed that petitioner was riding in a taxicab as a passenger on November 11, 1960, when the taxi was struck in the rear by a car operated by Francis Marichal.
An action was commenced by petitioner against Francis Marichal and the taxicab company. Marichal failed to report or co-operate with his insurance carrier resulting in a disclaimer and respondent MVAIC undertook the defense of the action on his behalf.
At the trial of the action the driver of the taxi testified that his taxi was standing still when struck in the rear by Marichal’s car, whereupon petitioner settled her action against the taxicab company for $750 and continued the trial against the defendant Marichal.
The court in its charge to the jury advised it of the $750 settlement with the taxicab company and instructed the jury to take the amount of the settlement into consideration in rendering a verdict. The jury brought in a verdict in favor of the petitioner against the defendant Marichal in the sum of $1,250. A judgment was duly entered in the sum of $1,346 a copy of which was served on defendant’s attorney. After the time to *615 appeal from the judgment entered expired, the present application to compel payment ensued.
The respondent does not deny that petitioner is a qualified person as defined in subdivision (b) of section 601 of the Insurance Law, but nevertheless, opposes the granting of the application solely on the ground that petitioner’s failure to obtain the consent of the MVAIC to the settlement of the action by the petitioner against the taxicab company for $750 prevents compliance with subdivision (f) of section 611 of the Insurance Law by petitioner thereby precluding the application for payment by MVAIC of the judgment entered against Marichal.
Subdivision (f) of section 611 of the Insurance Law does not inhibit or interdict the settlement of an action by a qualified person with another defendant nor is there a requirement that the consent or approval of the MVAIC is necessary in such an event (ef. Workmen’s Compensation Law, § 29, subd. 5).
Settlements are favored by the law, the only condition being that of fair dealing (O’Brien v. Lodi, 246 N. Y. 46; Insurance Law, § 610, subd. [b]).
The court finds that petitioner is a qualified person who has obtained a final judgment in the sum of $1,346 against a financially irresponsible motorist for injuries sustained by her and that the time to appeal from such judgment has expired and is satisfied of the truth of all matters required to be shown by the petitioner by section 611 of the Insurance Law.
The application of the petitioner is granted and the MVAIC is directed to pay petitioner the sum of $1,346 with interest from May 24, 1967. Settle order on notice.