Samuel A. Spiegel, J.
This is an application to file a late notice of claim.
On July 8, 1969 petitioner’s deceased was killed in an automobile accident, leaving her surviving three infant children. Letters of administration were granted on March 20, 1970 to petitioner, the children’s grandmother, which is the date when the limitation period commences.
Prior thereto, about August 30, 1969, petitioner’s attorneys were advised by the official searcher for the New Jersey Motor Vehicle Bureau that its records disclose that the owner of the offending vehicle was insured by Allstate Insurance Company. Kenneth Moore, the owner of the offending vehicle, likewise stated that he was insured by Allstate.
On September 1, 1969 petitioner’s attorneys wrote Allstate, advised it of the accident and requested information on its policy covering the said owner. Allstate notified petitioner’s attorney, through a district office, that it will handle the claim of “ our insured Kenneth Moore. ’ ’
On February 3, 1971 Allstate informed petitioner’s attorneys that it was disclaiming coverage because the insurance on the car was canceled prior to the accident.
*842 On the same day the petitioner executed a notice of claim which was mailed that day and received by respondent on February 5, 1971.
After receipt thereof, respondent requested additional information regarding, special damages and the denial of coverage by Allstate which was furnished on February 25, 1971.
After the expiration of one year from the granting of letters of administration, respondent rejected the claim.
The clear intent of the Motor Vehicle Accident Indemnification Corporation Law (Insurance Law, art. 17-A) is to secure to innocent victims recompense for the injury and financial loss, inflicted upon them by financially irresponsible motorists, by providing a fund for such purpose (Matter of Lloyd [MVAIG], 23 N Y 2d 478).
The New York State Legislature, in enacting this article intended to afford a remedy to innocent victims, and the article, being remedial, should be liberally construed once a plaintiff has established that he is a person for whose benefit the statute was enacted.
Such intent may not be thwarted by delaying actions tending to defeat petitioner’s right to compensation under the- article: 11 The courts will not ignore, destroy or impair the rights of [innocent victims] when it can, consistent with the intent of said [article] * # * apply it to dispense justice and fair treatment. In the administration of justice, a court of equity should never hesitate to adapt itself in the application of old principles to new situations, where grounds calling for the exercise of equitable power to furnish a remedy exist, the court should not hesitate to act. G-ross injustice under the guise of forms of law might otherwise be perpetrated.” (McHugh v. Paley, 63 Misc 2d 1092, 1095).
Under the second paragraph of subdivision (c) of section 608 of the Insurance Law, the respondent could accept a late notice of claim in a death action. It was incumbent upon the respondent, if it refused to honor the late notice, to make such determination known to petitioner in sufficient time to institute an application to this court for acceptance thereof within the one-year period as provided under the third paragraph of subdivision (c) of section 608. Its failure to act when it had sufficient time to do so estops it from interposing the said one-year limitation defense.
Estoppel may be applied to municipal corporations. It can be applied to public benefit corporations or to respondent (Planet *843 Constr. Corp. v. Board of Educ. of City of N. 7., 7 N Y 2d 381, 385; Quintero v. Long Is. R.R. Co., 55 Misc 2d 813, 821; Vermeule v. City of Corning, 186 App. Div. 206, affd. 230 N. Y. 585; Vandeweghe v. City of New York, 150 Misc. 815, affd. 242 App. Div. 762), in the absence of any specific statute forbidding waiver of the Statute of Limitations (Planet Constr. Corp. v. Board of Educ. of City of N. Y., supra, p. 385).
Petitioner has made an adequate demonstration for the relief requested.
The application is granted to the extent of directing respondent to accept petitioner’s late notice of claim.