OPINION OF THE COURT
Barry Hurowitz, J.
Plaintiffs’ posttrial motion for an order holding the defendant City of New York jointly and severally liable for the entire judgment awarded plaintiff after a jury trial is denied.
This action arose from an accident which occurred on May 18, 1987, at approximately 3:00 p.m. The infant plaintiff was a second grader in P.S. 202 in Brooklyn, located on Hegeman Avenue in Brooklyn. Generally, a school crossing guard is stationed at the crosswalk on Hegeman Avenue at various times during the day. On the date of the accident, the infant plaintiff was struck by a motor vehicle as she crossed Hegeman Avenue approximately 25 feet away from the crosswalk. The vehicle, owned by defendant Carlos C. Gerena, left the scene of the accident. According to the infant plaintiff, there was no crossing guard at the place where the accident occurred. The school crossing guard, Betty Wright, testified that she was at the corner, that she saw the child and entered the intersection to stop traffic in anticipation of the infant plaintiff crossing at the corner. She further testified that while entering the intersection, she heard a noise behind her at which time she turned and saw that the infant plaintiff had been struck by a motor vehicle.
On March 20, 1992, the jury returned a verdict in the liability portion of the trial in favor of the infant plaintiff. The City of New York was held to be 35% liable and the defendant Gerena 65% liable. On March 24, 1992, after a trial as to damages sustained by the infant plaintiff, the jury awarded the plaintiff a verdict in the amount of $100,000. The defendant Gerena was represented at trial by the Motor Vehicle Accident Indemnification Corporation (MVAIC).
Insurance Law § 5210 (a) (1) provides that the maximum judgment payable by MVAIC "on account of injury to one person in any one accident” shall not exceed $10,000. Subdivision (b) (2) of the statute provides that any award is to be reduced by the amount of "any payment received by the qualified person from or on behalf of any person jointly or severally liable with the financially irresponsible motorist.”
*582 CPLR 1601 provides that in personal injury cases where there are two or more tortfeasors and the liability of a defendant is determined to be 50% or less of the total liability "the liability of such defendant to the claimant for non-economic loss shall not exceed that defendant’s equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for non-economic loss.” CPLR 1602 (6) provides that the limit on joint and several liability set by CPLR 1601 does not apply "to any person held liable by reason of his use, operation, or ownership of a motor vehicle or motorcycle, as those terms are defined respectively in sections three hundred eleven and one hundred twenty-five of the vehicle and traffic law.”
The court, in this posttrial motion, is presented with a matter of first impression as to how to interpret CPLR 1601 (1) and 1602 (6) in relation to Insurance Law § 5210.
The infant plaintiff and MVAIC contend that although the school crossing guard was not in a motor vehicle, by virtue of her absolute authority to control the vehicles within the approaches to the intersection where she was assigned, she used and/or operated a motor vehicle. They also contend that the legislative intent of CPLR 1602 (6) was to exclude all "car accident” cases from CPLR 1601 (1). (See, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 1602, 1992 Pocket Part, at 193.) Were this court to adopt such an interpretation of CPLR 1602 (6), the City, instead of being liable to the infant for only 35% of the damages award ($35,000) pursuant to CPLR 1601 (1), would be jointly and severally liable to the infant plaintiff for the full amount of the $100,000 damages award. The infant plaintiff would then receive the full amount of damages awarded and MVAIC would be exempt from making any monetary contribution to the award by virtue of Insurance Law § 5210 (b) (2).
The City contends that CPLR 1602 (6) is limited to circumstances where the defendant actually used or operated the vehicle. Therefore, the City argues that since the school crossing guard never used or operated the vehicle which was involved in the accident, CPLR 1602 (6) does not apply to the City, the City is liable only for its 35% share of the damages award ($35,000) and MVAIC must pay the infant plaintiff its full statutory share of the damages ($10,000). The court agrees.
The rules of statutory construction require that where *583 "words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation” (McKinney’s Cons Laws of NY, Book 1, Statutes § 76). The court finds that the terms "use” and "operation” as stated in CPLR 1602 (6) clearly and unambiguously do not include a school crossing guard who is not in the vehicle. Furthermore, the court notes that the Vehicle and Traffic Law defines the word "driver” as one who "operates or drives or is in actual physical control of a vehicle.” (Vehicle and Traffic Law § 113.) This would not include a school crossing guard. Had the Legislature wished to exempt all "car accident” cases from the statutory limit it placed on joint and several liability it could have simply excluded "any defendant involved in a personal injury action involving a motor vehicle.” It did not. Thus, the motion must be denied.
The infant plaintiff may enter judgment against the City in the amount of $35,000 and as against MVAIC in the amount of $10,000.