OPINION OF THE COURT
Edward H. Lehner, J.
The issue posed on this motion by the Motor Vehicle Acci *926 dent Indemnification Corporation (MVAIC) is whether plaintiffs settlement of her claim against two insured codefendants for $10,000 relieves MVAIC of any obligation to make payment to her on behalf of the two uninsured codefendants.
Plaintiff was a passenger in an uninsured taxi owned by defendant Ramirez and driven by defendant Tapia when it had an accident with a vehicle owned by defendant Yonkers Datsun Leasing (Datsun) and driven by defendant Cotton. Datsun’s insurer settled plaintiff’s claim against Cotton and Datsun for $10,000. As a consequence, MVAIC asserts that it has no obligation to make any payment on behalf of the uninsured defendants and its attorneys have therefore moved to withdraw as counsel for them.
Section 5210 of the Insurance Law provides, in part, as follows:
"(a) When any qualified person who has complied with all the applicable requirements of this article recovers a final judgment in a court against a financially irresponsible motorist, for injury to, or death of, any person arising out of the ownership, maintenance or use of the uninsured motor vehicle in this state, which remains unpaid * * * the judgment creditor may file a verified petition in the court in which the judgment was entered and, upon ten days’ written notice to the corporation apply to the court for an order directing payment by the corporation of the amount unpaid on the judgment * * * Such judgment exclusive of interest and costs shall not exceed:
"(1) ten thousand dollars on account of injury to one person in any one accident * * *
"(b) The above applicable limit of liability shall be reduced by the amount of:
"(1) any collectible liability insurance and available assets of contribution of the financially irresponsible motorist; and
"(2) any payment received by the qualified person from or on behalf of any person jointly or severally liable with the financially irresponsible motorist.
"(c) Any such judgment shall be regarded as excess to any other collectible liability insurance afforded to any financially irresponsible motorist.” (Emphasis supplied.)
Plaintiff maintains that since the insured codefendants have not been determined to be "jointly or severally liable with the financially irresponsible motorist”, MVAIC is not entitled to have the $10,000 settlement offset against its statutory liabil *927 ity of like amount, and that she is entitled to recover up to $10,000 from MVAIC if it is determined at trial that the insured defendants were not in any manner at fault and that the entire responsibility for the accident lay with the uninsured defendants. Plaintiff concedes that should the jury find the insured defendants (who would not be represented at trial and who could have no further liability stemming from the accident as a consequence of the settlement) were in any manner at fault, there would be no liability on the part of MVAIC. On the other hand, MVAIC asserts that under no circumstances can it be obligated to make payment as a result of this accident since plaintiff has already received $10,000.
It has been stated that the "avowed purpose of the [MVAIC] statute is * * * to provide the same recompense to a person injured by an uninsured motorist as he would obtain if he had been injured by an insured motorist” (Matter of Durant v MVAIC, 20 AD2d 242, 245 [2d Dept 1964], mod on other grounds 15 NY2d 408 [1965]).
Here, if plaintiff had not sued the insured defendants, there is no question that she could recover up to $10,000 from MVAIC if she prevailed at trial against the uninsured defendants. Plaintiff, by suing the insured defendants and settling with them prior to trial, has deprived MVAIC of the offset (provided in subdivision [b] [2] of Insurance Law § 5210) that would exist in the event the jury found said defendants partially at fault as, under such circumstances, there would exist parties "jointly and severally” liable with the uninsured defendants whose liability policy could then be offset against MVAIC’s statutory obligation. In acknowledgement of this deprivation, plaintiff has, as noted above, conceded that she cannot recover from MVAIC if the insured defendants are found partially at fault. However, if after trial the insured defendants are exonerated of any responsibility for the accident, the consequence is that MVAIC would not have suffered any prejudice as a result of the settlement as it would not have been deprived of an offset against its liability.
The mere fact that a settlement was made with parties alleged in the complaint to be jointly and severally liable with the uninsured defendants does not deprive plaintiff of the right to proceed against MVAIC as the statute providing for an offset does not talk in terms of monies received in settlement from parties allegedly liable, but rather only those adjudged liable. In this respect, section 5211, in listing the allegations to be set forth in a petition to recover from *928 MVAIC, requires only an allegation (Insurance Law § 5211 [7]) as to whether the applicant has "obtained judgment against any other person liable for damages for bodily injury or death arising out of the accident”, and section 5212 provides that payment shall be made by MVAIC if the court is satisfied that the claimant has "exhausted all remedies available for recovering upon the judgments” referred to in section 5211.
Accordingly, since MVAIC still faces potential liability to plaintiff, the motion of its attorneys to be relieved is denied. This result leaves the plaintiff in the same position as if the uninsured motorists had maintained the minimum required liability insurance, which, as aforesaid, is the intent of the MVAIC statute. (See, Matter of Hulsey v MVAIC, 54 Misc 2d 614 [Civ Ct, NY County 1967]; Massey v City of New York, 155 Misc 2d 580 [Sup Ct, Kings County 1992].)
The branch of plaintiff’s cross motion to strike the answer of the uninsured defendants for failure to appear for deposition is granted to the extent of precluding them from testifying at trial unless they appear for deposition at the office of plaintiff’s counsel on February 28, 1994, at 10:00 a.m.
The branch of MVAIC’s motion seeking costs from plaintiff based on the order of Justice Ramos dated October 30, 1992 is respectfully referred to said Justice.