OPINION OF THE COURT
Milton A. Tingling, J.
*195 The plaintiff, Maria Angela Correa Garcia, moves for an order permitting this court to make a determination on the issue of whether or not the defendant Motor Vehicle Accident Indemnification Corporation (hereinafter referred to as MVAIC), pursuant to Insurance Law § 5210, is entitled to an offset against its statutory liability limits. Defendant opposes plaintiffs motion contending that it is entitled to an offset due to the fact that plaintiff has already recovered $25,000 from insurance company GEICO, and that it would be against public policy to allow plaintiff to recover additional money from it.
The indisputable facts in this case are as follows. On January 24, 1999, Garcia, a pedestrian on Second Avenue, in the County, City and State of New York, was struck and knocked down by a motor vehicle, which then left the scene of the accident. The name and address of the owner or operator of the vehicle at that time was not ascertained. However, the police report indicated that the license plate number of the vehicle that struck plaintiff was “CHIEFY,” and it was further learned that this vehicle was owned by Valerie DeSalvo and was operated by Charles Houston. This vehicle was insured by GEICO.
Garcia’s case against the DeSalvo vehicle was fully and completely adjudicated as to the issue of the vehicle’s involvement in the accident, to which the jury determined that the owner and operator of the DeSalvo vehicle were not involved in this accident. Furthermore, before the jury reached a verdict as to liability, plaintiff and defendant entered into an agreement on the record that in the event plaintiff prevailed on the issue of involvement, GEICO would pay plaintiff $75,000 in full settlement of her personal injury and pain and suffering claim, and, if defendant prevailed, GEICO would pay Garcia $25,000 as settlement of her personal injury claim. Since defendants were exonerated from any responsibility of the accident, Garcia received payment of $25,000 from GEICO.
Garcia is now looking to recover from defendant MVAIC in the current action pursuant to Insurance Law § 5210 (a) and (b) (2) which states:
“(a) When any qualified person who has complied with all the applicable requirements of this article recovers a final judgment in a court against a financially irresponsible motorist, for injury to, or death of, any person arising out of the ownership, maintenance or use of the uninsured motor vehicle in this state, which remains unpaid, and all appeals *196 have been concluded or the time for commencing them has expired, the judgment creditor may file a verified petition in the court in which the judgment was entered and, upon ten days’ written notice to the corporation apply to the court for an order directing payment by the corporation of the amount unpaid on the judgment . . . Such judgment . . . shall not exceed:
“(1) twenty-five thousand dollars on account of injury to one person in any one accident. . .
“(b) The above applicable limit of liability shall be reduced by the amount of:
“(1) any collectible liability insurance and available assets or contribution of the financially irresponsible motorist; and
“(2) any payment received by the qualified person from or on behalf of any person jointly or severally liable with the financially irresponsible motorist.”
Relevant precedent case law has not entitled MVAIC to an offset of the $25,000 settlement received by plaintiff in the past. In White v Ramirez (159 Misc 2d 925 [1994]), the court denied MVAIC’s claim of an offset from plaintiffs settlement with two insured defendants. In White, the plaintiff was a passenger in an uninsured taxi which was involved in an accident with an insured vehicle. Prior to trial, plaintiff settled with the insured vehicle for $10,000, and MVAIC consequently claimed an offset against its statutory liability. The White court denied MVAIC’s claim, holding that: “if after trial the insured defendants are exonerated of any responsibility for the accident, the consequence is that MVAIC would not have suffered any prejudice as a result of the settlement as it would not have been deprived of an offset against its liability . . .” (at 927). The White court further held that (at 927):
“[t]he mere fact that a settlement was made with parties alleged in the complaint to be jointly and severally liable with the uninsured defendants does not deprive plaintiff of the right to proceed against MVAIC as the statute providing for an offset does not talk in terms of monies received in settlement from parties allegedly liable, but rather only those adjudged liable.” (Emphasis added.)
Similarly, in our case, the insured defendants were exonerated of any responsibility for the accident, and, thus, MVAIC is not entitled to an offset of its statutory liability.
*197 Although this court finds that MVAIC is not entitled to an offset, defendant’s contention that this goes against public policy should not go unnoticed. However, this is not the correct forum for the defendant to voice its disapproval of the MVAIC statute, and defendant should take this opinion as an open invitation to voice its concern with the Legislature to close up an apparent loophole in the law.
As the law now stands, the MVAIC statute is interpreted in a way which the Legislature probably did not intend when it was written. “Provisions establishing MVAIC were intended to provide persons injured by financially irresponsible motorists a fund from which they could seek some compensation for their injuries.” (Matter of Lloyd [Motor Veh. Acc. Indent. Corp.], 23 NY2d 478 [1969].) In this case, as plaintiff has settled with GEICO, it seems as though she has already received some compensation for her injuries. Plaintiff has already received some compensation for her injuries, and it seems to go against public policy to now allow her to further recover from MVAIC.
Further, the purpose of Insurance Law § 5210 was “to fill the gaps in the compulsory automobile insurance plan.” (Insurance Co. of N. Am. v Godwin, 46 AD2d 154, 157 [4th Dept 1974].)
“The MVAIC law was designed to afford a person injured in ... an accident the same protection as he would have had if he had been injured in an accident caused by an identifiable automobile covered by a standard automobile liability insurance policy in effect at the time of, and applicable to, the accident” (Matter of Beagle [Motor Veh. Acc. Indem. Corp.], 26 AD2d 313, 316 [4th Dept 1966]).
The minimum insurance coverage for liability in our state is $25,000, which also happens to be the maximum amount that MVAIC can be forced to pay out should such an accident occur. This is no coincidence. The Legislature intended to allow a plaintiff injured by an unidentified vehicle to recover $25,000 as per the statute, because this is the minimum amount of compulsory liability in our state. Thus, it seems as though it is against public policy to allow a plaintiff to settle with a defendant insurance company and then proceed against MVAIC. The plaintiff is in essence no longer being put in the same position as he would be if he was in an accident with an insured vehicle, because if he is allowed to proceed against MVAIC, he is being put in a possible better position, since the minimum compulsory liability is $25,000.
*198 Finally, as the law now stands, insurance companies in a similar position to GEICO in this case can settle with plaintiffs, and be able to minimize their exposure. Furthermore, future plaintiffs will have no reason not to settle with defendant insurance companies, because, as the law is now interpreted, they can proceed against MVAIC, and receive more money than they could had they not settled. This could not have been the intent of the Legislature when they wrote this law. While the defendant makes a good public policy argument deserving of further debate, the proper forum to do so would be the Legislature, not the judiciary. Accordingly, the motion is granted, and MVAIC is not entitled to an offset against its statutory liability limits.